United States District Court
Southern District of Texas
FILED

OCT 1 9 2001

Michael N. Milby
Clerk of Court

1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CAMERON DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |

----------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| ADAN R. GARZA and GUADALUPE | § | |
| GARZA; MANUEL C. HERNANDEZ | § | |
| and NINFA T. HERNANDEZ | § | |
| PLAINTIFFS | § | |
| | § | |
| VS. | § | |
| | § | |
| ABLE SUPPLY COMPANY; | § | |
| AC&S, INC.; | § | |
| AMOCO CORPORATION; | § | |
| THE ANCHOR PACKING COMPANY; | § | |
| AQUA CHEM, INC. | § | |
| (D/B/A CLEAVER-BROOKS DIVISION); | § | |
| A.P. GREEN INDUSTRIES (F/K/A  A.P. | § | |
| GREEN REFRACTORIES COMPANY, | § | |
| A SUBSIDIARY OF U.S. GYPSUM | § | |
| COMPANY); | § | |
| ARMSTRONG WORLD INDUSTRIES, INC. | § | B-01- 179 |
| (SUCCESSOR-IN-INTEREST TO | § | |
| ARMSTRONG CORK COMPANY); | § | C. A. |
| ASBESTOS CLAIMS MANAGEMENT | § | |
| CORP. F/K/A NATIONAL GYPSUM; | § | |
| BROWN & ROOT, INC. (INDIVIDUALLY | § | |
| AND AS SUCCESSOR TO BROWN & | § | |
| ROOT USA,INC.); | § | |
| COMBUSTION ENGINEERGING, INC.; | § | |
| CROWN CORK & SEAL (INDIVIDUALLY | § | |
| AND AS SUCCESSOR-IN-INTEREST | § | |
| TO MUNDET CORK COMPANY); | § | |
| DANA CORPORATION; | § | |
| FIBREBOARD CORPORATION; | § | |
| THE FLINTOKE COMPANY; | § | |
| FOSTER WHEELER ENERGY | § | |
| CORPORATION; | § | |
| GAF CORPORATION (SUCCESSOR-IN- | § | |
| INTEREST TO RUBEROID COMPANY); | § | |
| GARLOCK INC.; | § | |
| GASKET HOLDING INC. (INDIVIDUALLY | § | |
| AND AS SUCCESSOR-IN-INTEREST TO | § | |

FLEXITALLIC GASKET COMPANY);           §
GENERAL REFRACTORIES COMPANY;          §
GEORGIA-PACIFIC CORPORATION            §
(INDIVIDUALLY AND AS SUCCESSOR-        §
IN-INTERST TO BESTWALL GYPSUM          §
COMPANY);                              §
GUARDLINE, INC.;                       §
HARBISON-WALKER REFRACTORIES           §
(FORMERLY A DIVISION OF                §
INDRESCO INC.);                        §
INGERSOL-RAND COMPANY;                 §
J.T. THORPE COMPANY (INDIVIDUALLY      §
AS SUCCESSOR-IN-INTEREST TO            §
THORPE INSULATION COMPANY);            §
KAISER ALUMINUN & CHEMICAL             §
CORPORATION;                           §
KELLY MOORE PAINT COMPANY;             §
METROPOLITAN LIFE INSURANCE            §
COMPANY;                               §
MINNESOTA MINING &                     §
MANUFACTURING COMPANY "3M";            §
NORTH AMERICAN REFRACTORIES            §
COMPANY;                               §
OWENS-CORNING FIBERGLAS, INC.;         §
OWENS ILLINOIS;                        §
PPG INDUSTRIES, INC.;                  §
PROKO INDUSTRIES, INC.;                §
RAPID-AMERICAN CORPORATION             §
(INDIVIDUALLY AND SUCCESSOR-IN-        §
INTEREST TO GLEN ALDEN                 §
CORPORATION,WHICH IS SUCCESSOR-        §
IN-INTEREST TO                         §
PHILLIP CAREY CORPORATION AND          §
PHILLIP CAREY MANUFACTURING            §
COMPANY);                              §
RILEY STOKER;                          §
SYNKOLOID (A DIVISION OF               §
MURALO CO.);                           §
TRIPLEX INC.;                          §
UNION CARBIDE CORPORATION;             §
UNIROYAL HOLDING, INC. (SUED           §
INDIVIDUALLY AND AS SUCCESSOR-         §
IN-INTERST TO U.S. RUBBER COMPANY);    §
U.S. GYPSUM COMPANY;                   §
U.S. MINERAL PRODUCTS COMPANY;         §
W.R. GRACE & COMPANY—CONN.;            §
                DEFENDANTS             §

# APPLICATION AND NOTICE OF REMOVAL
## FILED BY DEFENDANT GARLOCK INC

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes GARLOCK INC one of the Defendants in the case being removed (herein "GARLOCK"), and files this Application and Notice of Removal of the currently pending case: Cause No. 2000-06-2404-A; Adan Garza, et al vs. Able Supply Co., et al; In the 107th Judicial District Court of Cameron County, Texas (herein the "Removed Case").

## I.
## PRELIMINARY STATEMENT

1.    Defendant GARLOCK INC is an Ohio Corporation with its principal place of business in Charlotte, North Carolina, and is a named Defendant in the above styled Removed Case.  GARLOCK asserts a Cross-Claim or Third Party Action against the Debtor and others in the Removed Case for contribution or indemnification arising out of Plaintiff(s)' personal injury claims.

2.    As a result of the filing of the Bankruptcy Case, the Removed Case and all Court actions, including State and Federal District Court actions, are stayed pursuant to 11 U.S.C. § 362.  *See Pope vs. Manville Forest Product Corporation*, 778 F.2d 239 (5th Cir. 1985).

3.    Additionally, this removal is subject to the mandatory transfer provisions of 28 U.S.C. § 157(b)(5) providing for the transfer to the United States District Court for the "district in which the case is pending"[1] as a result of the prior filing by Plaintiffs of this Removed Case in State Court against the Debtor, alleging personal injury claims and causes of action.

## II.
## JURISDICTION

4.    This Federal District Court has original jurisdiction of the Removed Case pursuant to 28 U.S.C. § 1334(a) and (b).

---

[1]    *See*, Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) filed by the Defendant Garlock along with this Removal action.

---

Application and Notice of Removal

5.     The Removed Case is removable to this court pursuant to 28 U.S.C. § 1452(a) and such other applicable provisions of 28 U.S.C. as the facts and claims warrant.

6.     This removal is timely filed pursuant to Rule 9027(a)(2) Bankruptcy Rules of Procedure.

## III.
## REMOVAL JURISDICTION

7.     In the Removed Case, Plaintiffs seeks to recover damages for claims against Debtor in the nature of personal injuries alleged to have occurred in part in Cameron, County, Texas.  As a result of the personal injury allegations the Southern District of Texas' standing order of automatic reference of removed cases to the Bankruptcy Court does not apply to a Removed Case dealing with personal injury or wrongful death.   Removal is thus proper to this Honorable Federal District Court instead of the Bankruptcy Court as otherwise is provided by the Standing Order of Reference.

8.     This entire case would be a "core" proceeding in the Debtor's Delaware bankruptcy case pursuant to 28  U.S.C. § 157(b)(2)(B) for all purposes except for the specific exclusion in that section of "the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of *distribution* in a case under title 11." [Emphasis added.]

9.     Consent of the other named Defendants is not necessary for a removal pursuant to 28 U.S.C. § 1452 inasmuch as this Court has jurisdiction under 28 U.S.C. § 1334.  *See, e.g.* *Creasy v. Coleman Furniture Corp.*, 763 F.2d 656, 660 (4th Cir. 1985).

10.     Pursuant to Rule 9027, Rules of Bankruptcy Procedure, this Application and Notice of Removal is filed within ninety (90) days after the order for relief in the Debtor's bankruptcy case.

11.     A cost bond is not required to accomplish this removal.

---

Application and Notice of Removal

12. Pursuant to Bankruptcy Rule 9027(a), Defendant would show the Court the following information which is detailed on Exhibit "1":

    A. <u>The Parties</u>:
        (i) The original Plaintiffs in the Removed Case
        (ii) The original Defendants in the Removed Case

    B. <u>Status of Service of Process</u>

    C. <u>Counsel names, addresses and phone and fax numbers</u>:
        (i) The counsel for all Plaintiffs is:
            Peter A. Kraus
            Waters & Kraus, LLP
            3219 McKinney Ave.
            Dallas, TX 75204
            Phone & Fax: (214) 357-6244; (214) 357-7252

        (ii) Counsel information for all Defendants is detailed on Exhibit "1"

13. Under 28 U.S.C. § 1452(a) and Bankruptcy Rule 9027(a)(1), removal of this action is proper to this Court as the Federal District Court for the district and division where the Removed Case was pending, subject to the mandatory provisions of 28 U.S.C. § 157(b)(5).

14. Under 28 U.S.C. § 157(b)(5), jurisdiction to determine venue for the pre-trial and trial of this civil action lies exclusively in the United States District Court for the District of Delaware, where the bankruptcy case is pending. A Motion to Transfer Civil Action Pursuant to 28 U.S.C. § 157(b)(5) ("Transfer Motion) is filed simultaneously with this Court by Defendant GARLOCK along with this Removed Case, and an expedited hearing will be requested on the Transfer Motion. The mandatory venue determinations of a removed personal injury case in the District Court in Delaware provided in of title 28 U.S.C. § 157(b)(5):

"The district court shall order that personal injury, tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or the district court in the district in which the claim arose, ***as determined by the district***

---

*court in which the bankruptcy case is pending*. (Emphasis added)." 28 U.S.C. §
157(b)(5).

Under the mandatory language of 28 U.S.C. § 157(b)(5), the "Home" District Court in which the
debtor's case was filed (or is pending) has the exclusive jurisdiction to fix the venue of any court
action against the debtor irrespective of the district in which the controversy is pending or was
removed (the "Home" court being the United States District Court for the "district in which the
case is pending" - in this case Delaware). Filed with this Removed Case is Defendant
GARLOCK's Motion to Transfer Case Pursuant to the Mandatory Provisions of 28 U.S.C. §
157(b)(5). It is the general policy of the Bankruptcy Code that all proceedings in a bankruptcy
case be conducted in the district in which the bankruptcy petition was filed (the "home court").[2]
This policy, along with the policy considerations of 28 U.S.C. § 157(B)(5) dictates in these
special circumstances, transfer to the "Home" District Court for the legal and practical reasons
set out in the Transfer Motion.

15.     The Federal District Courts of Texas have in the past followed this procedure of
transfer to the Home Federal District Court. *See*, Orders attached hereto as Exhibit "2" and "3."

16.     GARLOCK INC, as removing Defendant, will give notice of the filing of this
Application And Notice of Removal to all parties by and through their attorneys of record, and
will file a copy of this Application And Notice of Removal with the clerk of the court of
Cameron, County, Texas.

17.     Pursuant to Bankruptcy Rule 9027(a)(1), a copy of Plaintiff(s) current complaint,
process and the current answer pleadings in the Removed Case, and relevant Court orders are

---

[2]     *In re Burley*, 738 F.2d 981, 988 (9th Cir. 1984); *Kotlicky v. Belford*, 64 Bankr. Rptr. 689, 681 (N.D. Ill.
1986) (a strong presumption exists favoring transfer to the home court); *see also* 1 *Collier on Bankruptcy* 11
3.02[2][a], at 3-136 (15th Ed. 1989) ("[U]nless strong reasons can be shown to the contrary, the home court is the
proper venue for civil proceedings.").

---

submitted herewith as Exhibit "4³" along with a current docket sheet of all matters in the case, as may be available

18.    Removing Defendant shall promptly, and from time to time, supplement this removal with all such pleadings or other matters which may not have been reasonably available at the time of removal.

WHEREFORE, PREMISES CONSIDERED, GARLOCK INC prays that the Removed Case be docketed and assigned a civil action number in this Court pursuant to 28 U.S.C. §§ 157(b)(5), 1441, 1452(a), and Rule 9027, Rules of Bankruptcy Procedure and the Local Rules and that this Court assume jurisdiction of this case for the purposes of 28 U.S.C. § 157(B)(5), and that Removing Defendant have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Respectfully submitted,

_____
Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone:  (361) 884-5678
Telecopier:  (361) 884-5616
REMOVAL COUNSEL FOR GARLOCK INC

---

[3]    Because the papers in the case are voluminous, the papers attached for filing with the Court are omitted from the copies of this Application and Notice of Removal that are being served on the other parties' counsel.

Application and Notice of Removal

Page 5

Mitchell C. Chaney
SB# 04107500
Rodriguez, Colvin & chaney, LLP
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEYS FOR GARLOCK INC

## CERTIFICATE OF SERVICE

I, _Mitchell C. Chaney_, hereby certify that a true and correct copy of the Application and Notice of Removal, without exhibits, was served by First Class Mail, on all counsel of record as listed on the attached Exhibit "1,", this 22nd day of October, 2001:

Cause No. 2000-06-2404-A; *Adan R. Garza, and Guadalupe Garza; Manuel C. Hernandez and Ninfa T. Hernandez vs Able Supply Company, et al.,* In the 107th Judicial District Court of Cameron County, Texas

| Status of Service of Process: | Accomplished Upon All Served |
|---|---|

| Original Plaintiff's in Removed Case: | Adan R. Garza, and Guadalupe Garza; Manuel C. Hernandez and Ninfa T. Hernandez |
|---|---|

| Counsel for Plaintiff: | Peter A. Kraus<br>Waters & Kraus<br>3219 McKinney Avenue, Suite 3000Dallas, Texas 75204<br>Phone:  (214) 357-6244<br>Fax:      (214-357-7252 |
|---|---|

| Counsel for Defendant, Garlock Inc: | Mitchell C. Chaney<br>Rodriguez, Colvin & Chaney, L. L. P.<br>1201 East Van Buren Street<br>Brownsville, Texas  78522<br>Phone:  (956) 542-7441<br>Fax:      (956) 541-2170 |
|---|---|

| DEFENSE COUNSEL | DEFENDANT | ADDRESS | PHONE NO. | FAX NO. |
|---|---|---|---|---|
| Lisa Powell | ABLE SUPPLY COMPANY | Jackson Walker, L.L.P.<br>1100 Louisiana, Suite 4200<br>Houston, Texas 77002 | 713-752-4200 | 713-621-9065 |
| Ken Rhodes | AC&S, INC. | Dunn Kacal Adams Pappas Law<br>2929 Allen Parkway, Suite 2600<br>Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
| Thomas Taylor | AMOCO CORPORATION | Andrews & Kurth, L.L.P.<br>600 Travis, Suite 4200<br>Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Eduardo Rodriguez<br>Mitchell C. Chaney<br>Teri L. Danish | THE ANCHOR PACKING COMPANY | Rodriguez, Colvin & Chaney, L.L.P<br>1201 E. Van Buren<br>P.O. Box 2155<br>Brownsville, Texas  78522 | 956-542-7441 | 956-541-2170 |
| Clay M. White | AQUA CHEM, INC. (D/B/A CLEAVER-BROOKS DIVISION) | Sammons & Parker, A Professional Corporation<br>218 North College<br>Tyler, Texas 75702 | 903-595-4541 | 903-595-2864 |
| Lewis Miltenberger | A.P. GREEN INDUSTRIES (F/K/A  A.P. GREEN | Cordray, Goodrich & Miltenberger | 817-820-0343 | 817-820-0373 |

| | | | | |
|---|---|---|---|---|
| | REFRACTORIES COMPANY, A SUBSIDIARY OF U.S. GYPSUM COMPANY) | One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | | |
| Gary Elliston | ARMSTRONG WORLD INDUSTRIES, INC. (SUCCESSOR-IN-INTEREST TO ARMSTRONG CORK COMPANY) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Ellsiton | ASBESTOS CLAIMS MANAGEMENT CORP. F/K/A NATIONAL GYPSUM | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Donald Godwin | BROWN & ROOT, INC. (INDIVIDUALLY AND AS SUCCESSOR TO BROWN & ROOT USA,INC.) | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| Mary Lou Mauro | COMBUSTION ENGINEERING, INC. | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Frank G. Harmon | CROWN CORK & SEAL (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO MUNDET CORK COMPANY( | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| Sharla Frost | DANA CORPORATION | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| James H. Powers | FIBREBOARD CORPORATION | Powers & Frost 2600 Two Houston Center Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| James Harris | THE FLINTOKE COMPANY | Harris, Lively & Duesler 550 Fannin Street, Suite 650 P.O. Box 830 Beaumont, Texas 77704-0830 | 409-832-8382 | 409-833-4240 |
| James M. Riley | FOSTER WHEELER ENERGY CORPORATION | Coats, Rose, Yale, Ryman & Lee, PC 800 First City Tower 1001 Fannin Houston, Texas 77002 | 713-651-0111 | 713-651-0220 |
| Gene Williams | GAF CORPORATION (SUCCESSOR-IN-INTEREST TO RUBEROID COMPANY) | Mehaffey & Weber 2615 Calder Avenue, Suite 800 P.O. Box 16 Beaumont, Texas 77704 | 409-835-5011 | 409-835-5729 |
| Eduardo Rodriguez Mitchell C. Chaney Teri L. Danish | GARLOCK INC. | Rodriguez, Colvin & Chaney, L.L.P 1201 E. Van Buren P.O. Box 2155 Brownsville, Texas 78522 | 956-542-7441 | 956-541-2170 |
| Gary Elliston | GASKET HOLDING INC. (INDIVIDUALLY AND AS SUCCESSOR-IN-INTEREST TO FLEXITALLIC GASKET COMPANY) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| W. Neil Rambin | GENERAL REFRACTORIES COMPANY | Sedgwick, Detert, Moran & Arnold 1717 Main Street, Suite 5400 Dallas, Texas 75201 | 469-227-8200 | 469-227-8004 |

| | | | | |
|---|---|---|---|---|
| Mel Bailey | GEORGIA-PACIFIC CORPORATION (INDIVIDUALLY AND AS SUCCESSOR-IN-INTERST TO BESTWALL GYPSUM COMPANY) | Dehay & Elliston NationsBank Plaza 901 Main Street, Suite 3500 Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Robert W. Wilkinson | GUARDLINE, INC. | Dogan & Wilkinson 726 Delmas Avenue P.O. Box 1618 Pascagoula, MS 39568 | 228-762-2272 | 228-762-3223 |
| Lewis Miltenberger | HARBISON-WALKER REFRACTORIES (FORMERLY A DIVISION OF INDRESCO INC.) | Cordray, Goodrich & Miltenberger One Century Plaza 108 W. Eighth St., Ste. 500 Fort Worth, TX 76102 | 817-820-0343 | 817-820-0373 |
| Ned Johnson | INGERSOL-RAND COMPANY | Forman Perry Watkins Krutz & Tardy, PLLC 400 Woodview Tower 1349 Empire Central Dallas, Texas 75427 | 214-905-2924 | 214-905-3976 |
| David Fisher | J.T. THORPE COMPANY (INDIVIDUALLY AS SUCCESSOR-IN-INTEREST TO THORPE INSULATION COMPANY) | Fairchild, Price, Thomas, Haley & Willingham 413 Shelbyville Street Center, Texas 75935 | 936-598-2981 | 936-598-7712 |
| Taylor M. Hicks | KAISER ALUMINUN & CHEMICAL CORPORATION | Hicks, Thomas & Lilienstern 700 Louisiana, Suite 1700 Houston, Texas 77002 | 713-547-9100 | 713-547-9150 |
| Kenneth S. Wall | KELLY MOORE PAINT COMPANY | Brown McCarroll & Oaks Hartline 2727 Allen Parkway, Ste. 1300 Houston, TX 77019 | 713-529-3110 | 713-726-1846 |
| John L. Hill | METROPOLITAN LIFE INSURANCE COMPANY | Locke, Liddell 600 Travis St., Suite 3400 Houston, Texas 77002-3095 | 713-226-1200 | 713-223-3717 |
| David Taylor | MINNESOTA MINING & MANUFACTURING COMPANY "3M" | Thompson, Coe, Cousins, & Irons L.L.P. 200 Crescent Court, 11th Floor Dallas, Texas 75201-1853 | 214-871-8200 | 214-871-8209 |
| D. Ferguson McNeil | NORTH AMERICAN REFRACTORIES COMPANY | Vinson & Elkins 2300 First City Tower 1001 Fannin Houston, Texas 77002-6760 | 713-758-3882 713-758-2222 | 713-758-2346 |
| Jeffrey Mundy | OWENS-CORNING FIBERGLAS, INC. | Brobeck, Phlegar & Harrison, L.L.P 301 Congress Ave., Suite 1200 Austin, Texas 78701 | 512-477-5495 | 512-494-8318 |
| Peter Moir | OWENS ILLINOIS | Quilling, Selander, Cummiskey & Lownds, P.C. 2001 Bryan Street, Suite 1800 Dallas, Texas 75201 | 214-871-2100 | 214-871-2125 |

| Robert Adams | PPG INDUSTRIES, INC. | Dunn Kacal Adams Pappas Law<br>2929 Allen Parkway, Suite 2600<br>Houston, TX 77019-2151 | 713-529-3992 | 713-980-9153 |
|---|---|---|---|---|
| Thomas Dougall | PROKO INDUSTRIES, INC. | Bowers, Orr & Dougall, L.L.P.<br>8910 Two Notch Rd., Suite 400<br>Columbia, South Carolina 29224 | 803-788-5220 | 803-788-6767 |
| Alex J. Gomez | RAPID-AMERICAN CORPORATION (INDIVIDUALLY AND SUCCESSOR-IN-INTEREST TO GLEN ALDEN CORPORATION, WHICH IS SUCCESSOR-IN-INTEREST TO PHILLIP CAREY CORPORATION AND PHILLIP CAREY MANUFACTURING COMPANY) | Andrews & Kurth, L.L.P.<br>600 Travis, Suite 4200<br>Houston, Texas 77019 | 713-220-4200 | 713-220-4285 |
| Gary Elliston | RILEY STOKER | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Gary Elliston | SYNKOLOID (A DIVISION OF MURALO CO.) | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Micheal Walzel | TRIPLEX INC. | Stevens, Baldo & Freeman<br>P.O. Box 4950<br>Beaumont, Texas 77704 | 409-835-5200 | 409-838-5638 |
| James Powers | UNION CARBIDE CORPORATION | Powers & Frost<br>2600 Two Houston Center<br>Houston, Texas 77010 | 713-767-1555 | 713-767-1799 |
| William Arnold | UNIROYAL HOLDING, INC. (SUED INDIVIDUALLY AND AS SUCCESSOR-IN-INTERST TO U.S. RUBBER COMPANY) | Forman Perry Watkins Krutz & Tardy, PLLC<br>400 Woodview Tower<br>1349 Empire Central<br>Dallas, Texas 75427 | 214-905-2924 | 214-905-3976 |
| Gary Elliston | U.S. GYPSUM COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Mel Bailey | U.S. MINERAL PRODUCTS COMPANY | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214-210-2400 | 214-210-2500 |
| Patricia Kelly | W.R. GRACE & COMPANY—CONN. | Adams & Graham, L.L.P.<br>222 East Van Buren, West Tower<br>P. O Drawer 1429<br>Harlingen, Texas 78551-1429 | 713-529-3110 | 956-428-2954 |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 3 1 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| THE PARENTS INDIVIDUALLY AND AS, | § | |
| PARENTS OF JOHN DOES, et al. | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-77 |
| | § | |
| MARINE MILITARY ACADEMY, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER OF TRANSFER

BE IT REMEMBERED that on July 31, 2000, the Court GRANTED Defendant - Debtor Marine Military Academy's motion to transfer pursuant to the mandatory provisions of 28 U.S.C. §157(b)(5) (Dkt. No. 3). This case is ORDERED transferred to the United States District Court for the District of Arizona.

DONE at Brownsville, Texas, this __31__ day of July 2000.

_____
Hilda G. Tagle
United States District Judge

EXHIBIT 2

CHiPDF – www.fxsio.com



## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUN. 0 5 2000

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| Debbie Wayne, et al, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-075 |
| | § | |
| Marine Military Academy, Inc., | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED, that on June 2, 2000, the Court considered the Defendants' Motion to Transfer Civil Action Pursuant to Mandatory Provisions of 28 U.S.C. § 157(b)(5) [Docket No. 2].  It is ordered that pursuant to 28 U.S.C. § 157(b)(5) this case is transferred to the United States District Court for the District of Arizona for such action as that Court may deem appropriate pursuant to 28 U.S.C. § 157(b)(5).

DONE at Brownsville, Texas, this 2nd day of June 2000.

John Wm. Black
United States Magistrate Judge

EXHIBIT 3

CVISPDF – www.fasiio.com

CSMPDF - www.tesisx.com

RUN DATE 10/08/01
RUN TIME 10:47 AM

PAGE: 01

2000-06-002404-A

06     07     00

ADAN R. GARZA & GUADALUPE GARZA, ET AL

* * *   C L E R K ' S   E N T R I E S   * * *

VS

ABLE SUPPLY COMPANY ET. AL

00536801
LESLIE MACLEAN
5630 YALE BLVD.
DALLAS, TEXAS                    75206 0000

00001403
HON. MITCHELL C. CHANEY
P.O. BOX 2155
BROWNSVILLE TX.                  78520 0000

(10)                             DAMAGES                         SIMON MACLEAN

                                                                 30.00

| | | |
|---|---|---|
| 09/22/00 | HON PHILIP S BROWN IS PERMITTED TO WITHDRAW AND HON DONALD E. | |
| 09/22/00 | GODWIN SUBSTITUTES AS COUNSEL FOR BROWN & ROOT INC, AS PER | |
| 09/22/00 | ORDER, BEURESTIJ/IG | |
| 09/28/00 | ORDER NONSUIT THIRD PARTY PETITION   BEURESTIJR/ES | |
| 01/12/01 | HON. JAMES H. POWERS' MOTION TO WITHDRAW APPEARANCE AS COUNSEL | |
| 01/12/01 | FOR DEFT, ASBESTOS CLAIMS MANAGEMENT CORPORATION GRANTED AS | |
| 01/12/01 | PER ORDER, SIGNED FOR ENTRY.   BEURESTIJR/GMEDRANO | |
| 01/23/01 | ORDER GRANTING A.P. GREEN INDUSTRIES INC.'S (F/K/A A.P. GREEN | |
| 01/23/01 | REFRACTORIES COMPANY, A SUBSIDIARY OF U.S. GYPSUM COMPANY) | |
| 01/23/01 | HON. LEWIS C. MILTENBERGER GIVEN PERMISSION TO WITHDRAW AND | |
| 01/23/01 | HON. H. DANIEL SPAIN TO SUBSTITUTED AS ATTY OF RECORD ALL | |
| 01/23/01 | AS PER ORDER SIGNED FOR ENTRY.   BEURESTIJR/ESALAS | |
| 01/23/01 | ORDER GRANTING HARBISON-WALKER REFRACTORIES COMPANY (FORMERLY) | |
| 01/23/01 | A DIVISION OF INDRESCO INC.'S HON. LEWIS C. MILTENBERGER | |
| 01/23/01 | GIVEN PERMISSION TO WITHDRAW AND HON. H. DANIEL SPAIN TO | |
| 01/23/01 | SUBSTITUTED AS ATTY OF RECORD ALL AS PER ORDER SIGFND FOR | |
| 01/23/01 | ENTRY.   BEURESTIJR/ESALAS | |
| 02/06/01 | PASS TO DROP DOCKET | |
| 03/06/01 | ORDER ON PLTF'S MTN TO RETAIN CASE ON THE COURT'S DOCKET SIGNED | |
| 03/06/01 | FOR ENTRY   BEURESTIJR/ESALAS | |
| 07/30/01 | ORDER REFERRAL FOR MEDIATION SIGNED FOR ENTRY BEURESTIJR/ES | |

| | | |
|---|---|---|
| 06/07/00 | ORIGINAL PETITION FILED | |
| 06/07/00 | CITATION SEC. OF STATE:   AQUA-CHEM, INC | |
| 06/07/00 | SERVED: 06/16/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION SEC. OF STATE:   GENERAL | |
| 06/07/00 | REFRACTORIES COMPANY | |
| 06/07/00 | SERVED: 06/16/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION SEC. OF STATE:   SYNKOLOID, A | |
| 06/07/00 | DIVISION OF MURALO CO. | |
| 06/07/00 | SERVED: 06/16/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION SEC. OF STATE:   UNIROYAL | |
| 06/07/00 | HOLDING, INC. | |
| 06/07/00 | SERVED: 06/16/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION: ABEL SUPPLY COMPANY | |
| 06/07/00 | SERVED: UNSERVED   FILED: 06/20/00 | |
| 06/07/00 | CITATION: A CAND S. INC.   FILED: 08/07/00 | |
| 06/07/00 | SERVED: 06/15/00 | |
| 06/07/00 | CITATION: THE ANCHOR PARKING COMPANY | |
| 06/07/00 | SERVED: 06/15/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION: ARMSTRONG WORLD INDUSTRIES, | |
| 06/07/00 | INC | |
| 06/07/00 | SERVED: 06/16/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION: A.P. GREEN INDUSTRIES | |
| 06/07/00 | SERVED: 06/15/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION: ASBESTOS CLAIMS MANAGEMENT | |
| 06/07/00 | CORPORATION | |
| 06/07/00 | SERVED: 06/16/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION: BROWN & ROOT, IND. | |
| 06/07/00 | SERVED: 06/20/00   FILED: 08/07/00 | |
| 06/07/00 | CITATION: COMBUSTION ENGINEERING, INC. | |

```
RUN DATE 10/08/01                                                          PAGE: 02
RUN TIME 10:47 AM

                    *   *   *   C L E R K ' S   E N T R I E S   *   *   *

                                    00536801                              2000-06-002404-A
                                    LESLIS MACLEAN
ADAN R. GARZA & GUADALUPE GARZA, ET AL    5630 YALE BLVD.
                                    DALLAS, TEXAS          75206 0000      06    07    00
              VS
                                    00001403             DAMAGES              SIMON MACLEAN
                                    HON. MITCHELL C. CHANEY
ABLE SUPPLY COMPANY ET, AL          P.O. BOX 2155
                                    BROWNSVILLE TX.       78520 0000          (10)              30.00
```

```
06/07/00
06/07/00   CITATION: CROWN CORK AND SEAL COMPANY
06/07/00       SERVED: 06/15/00          FILED: 08/07/00
06/07/00   CITATION: DANA CORPORATION
06/07/00       SERVED: 06/15/00          FILED: 08/07/00
06/07/00   CITATION: THE FLINKTONE COMPANY
06/07/00       SERVED:                   FILED: 08/07/00
06/07/00   CITATION: FIREBOARD CORPORATION
06/07/00       SERVED: 06/19/00          FILED: 08/07/00
06/07/00   CITATION: FOSTER WHEELER ENERGY
06/07/00   CORPORATION
06/07/00       SERVED: 06/19/00          FILED: 08/07/00
06/07/00   CITATION: GARLOCK, INC.
06/07/00       SERVED: 06/15/00          FILED: 08/07/00
06/07/00   CITATION: GASKET HOLDINGS, INC.
06/07/00       SERVED: 06/19/00          FILED: 08/07/00
06/07/00   CITATION: GUARD-LINE, INC.
06/07/00       SERVED: 06/14/00          FILED: 08/07/00
06/07/00   CITATION: GEORGIA PACIFIC CORPORATION
06/07/00       SERVED: 06/15/00          FILED: 08/07/00
06/07/00   CITATION: HARBISON-WALKER REFRACTORIES
06/07/00   COMPANY
06/07/00       SERVED:                   FILED: 08/07/00
06/07/00   CITATION: INGERSOL-RAND COMPANY
06/07/00       SERVED: 06/15/00          FILED: 08/07/00
06/07/00   CITATION: J.T. THORPE CORPORATION
06/07/00       SERVED: 06/19/00          FILED: 08/07/00
06/07/00   CITATION: KAISER ALUMINUM & CHEMICAL
06/07/00   CORPORATION
```

Case 1:01-cv-00179   Document 1   Filed in TXSD on 10/19/2001   Page 20 of 95

ADAN R. GARZA & GUADALUPE GARZA, ET AL

VS

ABLE SUPPLY COMPANY ET, AL

2000-06-002404-A

00536801
LESLIS MACLEAN
5630 YALE BLVD.
DALLAS, TEXAS                    75206 0000

00001403
HON. MITCHELL C. CHANEY
P.O. BOX 2155
BROWNSVILLE TX.                  78520 0000

(10)          DAMAGES

06    07    00

SIMON MACLEAN

30.00

06/07/00     SERVED: 06/15/00        FILED: 08/07/00
06/07/00     CITATION: KELLY-MOORE PAINT COMPANY
06/07/00     SERVED: 06/19/00        FILED: 08/07/00
06/07/00     CITATION: METROPOLITAN LIFE INSURANCE
             COMPANY
06/07/00     SERVED: 06/15/00        FILED: 08/07/00
06/07/00     CITATION: MINNESOTA MINING AND
             MANUFACTURING CO.
06/07/00     SERVED: 06/15/00        FILED: 08/07/00
06/07/00     CITATION: NORTH AMERICAN REFRACTORIES
             COMPANY
06/07/00     SERVED: 06/15/00        FILED: 08/07/00
06/07/00     CITATION: OWENS-CORNING FIBERGLAS, INC.
06/07/00     SERVED: 06/15/00        FILED: 08/07/00
06/07/00     CITATION: PPG INDUSTRIES, INC.
06/07/00     SERVED: 06/19/00        FILED: 08/07/00
06/07/00     CITATION: PROKO INDUSTRIES, INC.
06/07/00     SERVED: 06/17/00        FILED: 08/07/00
06/07/00     CITATION: RAPID AMERICAN CORPORATION
06/07/00     SERVED: 06/19/00        FILED: 08/07/00
06/07/00     CITATION: RILEY STROKER
06/07/00     SERVED: 06/20/00        FILED: 08/07/00
06/07/00     CITATION: TRIPLEX, INC.
06/07/00     SERVED: 06/19/00        FILED: 08/07/00
06/07/00     CITATION: UNION CARBIDE CORPORATION
06/07/00     SERVED: 06/20/00        FILED: 08/07/00
06/07/00     CITATION: UNITED STATES GYPSUM COMPANY
06/07/00     SERVED: 06/15/00        FILED: 08/07/00
06/07/00     CITATION: U.S. MINERAL PRODUCTS COMPANY

CutePDF - www.testxo.com

Case 1:01-cv-00179   Document 1   Filed in TXSD on 10/19/2001   Page 21 of 95

RUN DATE 10/08/01
RUN TIME 10:47 AM

2000-06-002404-A

ADAN R. GARZA & GUADALUPE GARZA, ET AL

VS

ABLE SUPPLY COMPANY ET, AL

* * * CLERK'S ENTRIES * * *

00536801
LESLIS MACLEAN
5630 YALE BLVD.
DALLAS, TEXAS                    75206 0000

0000001403
HON. MITCHELL C. CHANEY
P.O. BOX 2155
BROWNSVILLE TX.                  78520 0000

(10)          DAMAGES          06   07   00          30.00

SIMON MACLEAN

| Date | Entry |
|---|---|
| 06/07/00 | SERVED: 06/20/00          FILED: 08/07/00 |
| 06/07/00 | CITATION: W.R. GARCE & COMPANY, CONN. |
| 06/07/00 | SERVED: 06/19/00          FILED: 08/07/00 |
| 06/07/00 | CITATION: GAF CORPORATION |
| 06/07/00 | SERVED: 06/19/00          FILED: 08/07/00 |
| 06/07/00 | JURY FEE: Pd. by LESLIS MACLEAN |
| 06/20/00 | CITATION: ABEL SUPPLY COMPANY |
| 06/20/00 | SERVED: 06/20/00          FILED: 08/07/00 |
| 06/30/00 | ORIGINAL ANSWER: GARLOCK, INC. |
| 06/30/00 | ORIGINAL ANSWER: THE ANCHOR PACKING |
| | COMPANY |
| 07/03/00 | ORIGINAL ANSWER: FIREBOARD CORPORATION |
| 07/03/00 | CROSS ACTION: FIREBOARD CORPORATION |
| 07/03/00 | CROSS ACTION: OWENS-CORNING FIBERGLAS, |
| | INC. |
| 07/03/00 | FIREBOARD CORPORATION'S MOTION TO |
| | TRANSFER VENUE AND ORIGINAL |
| 07/03/00 | ANSWER, CROSS-ACTION AND JURY DEMAND |
| | MADE SUBJECT TO ITS |
| 07/03/00 | MOTION TO TRANSFER VENUE (LROD) |
| 07/03/00 | FIREBOARD CORPORATION'S MOTION FOR |
| 07/03/00 | ASSIGNMENT TO RULE 190 |
| 07/03/00 | LEVEL 3 DISCOVERY CONTROL PLAN (LROD) |
| 07/03/00 | OWENS CORNING'S MOTION TO TRANSFER |
| | VENUE AND ORIGINAL ANSWER |
| 07/03/00 | OWENS CORNING'S MOTION TO TRANSFER |
| 07/03/00 | CROSS-ACTION AND JURY DEMAND MADE |
| | SUBJECT TO ITS MOTION TO |
| 07/03/00 | TRANSFER VENUE (LROD) |
| 07/03/00 | OWENS CORNING'S MOTION FOR ASSIGNMENT |

CilsPDF - www.fasiio.com

Case 1:01-cv-00179   Document 1   Filed in TXSD on 10/19/2001   Page 22 of 95

```
*  *  *  C L E R K ' S   E N T R I E S  *  *  *
```

ADAN R. GARZA & GUADALUPE GARZA, ET AL

VS

ABLE SUPPLY COMPANY ET, AL

00536801
LESLIS MACLEAN
5630 YALE BLVD.
DALLAS, TEXAS                    75206 0000

00001403
HON. MITCHELL C. CHANEY
P.O. BOX 2155
BROWNSVILLE TX.                  78520 0000

(10)                                              2000-06-002404-A

DAMAGES                          SIMON MACLEAN

                                 06    07    00

                                       30.00

07/03/00  TO RULE 190 LEVEL 3
07/04/00  DISCOVERY CONTROL PLAN (LROD)
07/04/00  ORIGINAL ANSWER: A CAND S, INC.
07/04/00  DEMAND FOR JURY TRIAL (ACANDS INC)
          (LROD)
07/04/00  DEFENDANT ACANDS INC'S ORIGINAL ANSWER
          TO PLAINTIFFS' ORIGINAL
07/04/00  PETITION AND DEFT'S ANSWER TO ANY
          AND ALL CROSS-ACTIONS (LROD)
07/05/00  ORIGINAL ANSWER: TRIPLEX, INC.
07/05/00  ORIGINAL ANSWER: W.R. GARCE & COMPANY,
          CONN.
07/05/00  ORIGINAL ANSWER, ANSWER OT ALL
          CROSS-ACTIONS, AND JURY DEMAND
07/05/00  OF DEFENDANT, TRIPLEX, INC.  (LROD)
07/05/00  ORIGINAL ANSWER: GAP CORPORATION
07/05/00  GAP CORPORATION'S ORIGINAL ANSWER AND
          OBJECTIONS TO JOINDER(LR)
07/05/00  DEFT W R GRACE CO CONN'S MTN TO
          TRANSFER VENUE AND SUBJECT
07/05/00  THERETO ITS OBJECTION TOJOINDER AND
          ITS ORIGINAL ANSWER AND
07/05/00  AND ANSWER TO ALL CROSS
          ACTIONS(IGARCIA)
07/05/00  DEFT W R GRACE & CO-CONN'S REQUEST FOR
          JURY TRIAL SUBJECT TO
07/05/00  MOTION TO TRANSFER VENUE(IGARCIA)
07/06/00  DEFT. KELLY-MOORE PAINT COMPANY, INC'S
          MOTION TO TRANSFER

```
RUN DATE 10/08/01                                                          PAGE: 06
RUN TIME 10:47 AM

ADAN R. GARZA & GUADALUPE GARZA, ET AL      * * * C L E R K ' S   E N T R I E S * * *

                 VS

ABLE SUPPLY COMPANY ET, AL

                              00536801                                2000-06-002404-A
                              LESLIS MACLEAN
                              5630 YALE BLVD.
                              DALLAS, TEXAS        75206 0000          06    07    00

                              0001403
                              HON. MITCHELL C. CHANEY                 SIMON MACLEAN
                              P.O. BOX 2155
                              BROWNSVILLE TX.      78520 0000

                              (10)    DAMAGES                                      30.00
```

07/06/00   VENUE AND SUBJECT THERETO ORIGINAL
           ANSWER AND SPECIAL
           EXCEPTIONS (LROD)
07/06/00   DEFT. KELLY-MOORE PAINT COMPANY'S
07/06/00   REQUEST FOR DISCLOSURE (LROD)
07/07/00   ORIGINAL ANSWER: METROPOLITAN LIFE
           INSURANCE COMPANY
07/07/00   CROSS ACTION: METROPOLITAN LIFE
           INSURANCE COMPANY
07/10/00   ORIGINAL ANSWER: PROKO INDUSTRIES, INC.
07/11/00   ORIGINAL ANSWER: INGERSOL-RAND COMPANY
07/11/00   ORIGINAL ANSWER: COMBUSTION
           ENGINEERING, INC.
07/11/00   ORIGINAL ANSWER: ARMSTRONG WORLD
           INDUSTRIES, INC
07/11/00   ORIGINAL ANSWER: DANA CORPORATION
07/11/00   INGERSOLL-RAND INC., MTN TO TRANSFER
           VENUE AND ORIGINAL
07/11/00   ANSWER TO PLIF'S ORIGINAL
           PETITION(GARCIA)
07/11/00   KAISER ALUMINUM & CHEMICAL CORP'S MTN
           TO TRANSFER VENUE(IRENE)
07/11/00   ORIGINAL ANSWER OF DEFT KAISER
           ALUMINUM & CHEMICAL CORP
07/11/00   SUBJECT TO ITS MOTION TO TRANSFER
           VENUE(IGARCIA)
07/11/00   ORIGINAL ANSWER: GUARD-LINE, INC.
07/11/00   ORIGINAL ANSWER: GENERAL REFRACTORIES
           COMPANY

```
RUN DATE 10/08/01                                                    PAGE: 07
RUN TIME 10:47 AM                                                    2000-06-002404-A

ADAN R. GARZA & GUADALUPE GARZA, ET AL                   *  *  *  C L E R K ' S   E N T R I E S  *  *  *

                VS

ABLE SUPPLY COMPANY ET, AL

                                        00536801
                                        LESLIS MACLEAN                              (10)        06     07     00
                                        5630 YALE BLVD.
                                        DALLAS, TEXAS              75206 0000   DAMAGES

                                        00001403
                                        HON. MITCHELL C. CHANEY
                                        P.O. BOX 2155
                                        BROWNSVILLE TX.           78520 0000                           30.00
```

SIMON MACLEAN

07/11/00 CROSS ACTION: GENERAL REFRACTORIES
         COMPANY
07/11/00 DEFT., COMBUSTION ENGINEERING INC'S MTN
         TO TRANSFER VENUE, MTN.
07/11/00 TO DISMISS FOR FORUM NON CONVENIENS
         AND SUBJECT THERETO,
07/11/00 ORIGINAL ANSWER(IGARCIA)
07/11/00 DEFT GENERAL REF. CO'S SPECIAL
         APPEARANCE TO PRESENT MOTION TO
07/11/00 THE JURISDICTION, AND SUBJECT
         THERETO, ITS MTN TO TRANSFER
07/11/00 VENUE, AND SUBJECT THERETO, ITS
         ORIGINAL ANSWER TO PLTFS'
07/11/00 ORIGINAL PETITION, CROSS ACTION AND
         ANSWER TO ALL CROSS-
07/11/00 ACTIONS(IGARCIA)
07/11/00 ORIGINAL ANSWER: KAISER ALUMINUM &
         CHEMICAL CORPORATION
07/14/00 DEFT'S BROWN & ROOT,INC., NKA
         KELLOG-BROWN & ROOT , INC.,MOTION
07/14/00 TO TRANSFER VENUE AND ORIGINAL
         ANSWER TO PLTF'S ORIGINAL
07/14/00 PETITION AND CROSS-CLAIM(IGARCIA)
07/14/00 ORIGINAL ANSWER: GEORGIA PACIFIC
         CORPORATION
07/17/00 ORIGINAL ANSWER: BROWN & ROOT, IND.
07/17/00 ORIGINAL ANSWER: NORTH AMERICAN
         REFRACTORIES COMPANY
07/17/00 CROSS CLAIM: NORTH AMERICAN

```
RUN DATE 10/08/01                    *  *  *  C L E R K ' S  E N T R I E S  *  *  *              PAGE: 08
RUN TIME 10:47 AM                                                                               2000-06-002404-A
```

```
                                              00536801
                                              LESLIS MACLEAN
                                              5630 YALE BLVD.
ADAN R.  GARZA & GUADALUPE GARZA, ET AL        DALLAS, TEXAS                 75206 0000              06    07    00
                                                                            DAMAGES

              VS                              00001403
                                              HON. MITCHELL C. CHANEY                            SIMON MACLEAN
                                              P.O. BOX 2155
ABLE SUPPLY COMPANY ET, AL                    BROWNSVILLE TX.               78520 0000                    30.00
                                                                            (10)
```

```
                                                        REFACTORIES COMPANY
                                              07/17/00  CROSS ACTION: BROWN & ROOT, IND.
                                              07/17/00  ORIGINAL ANSWER:  US MINERAL PRODUCTS
                                                        COMPANY
                                              07/17/00  ORIGINAL ANSWER: CROWN CORK AND SEAL
                                                        COMPANY
                                              07/17/00  COUNTER CLAIM: CROWN CORK AND SEAL
                                                        COMPANY
                                              07/17/00  SPECIAL APPEARANCE AND ANSWER OF DEFT
                                                        UNIROYAL HOLDING INC./ES
                                              07/17/00  DEFENDANT, CROWN CORK & SEAL COMPANY,
                                                        INC.'S MT TO TRANSFER
                                              07/17/00  ANSWER TO PLTF'S ORIGINAL PET
                                                        VENUE, MT TO DIMISS, ORIGINAL
                                              07/17/00  CROSS-ACTION AND ANSWER TO ALL
                                                        CROSS-ACTIONS
                                              07/18/00  ORIGINAL ANSWER: THE FLINKTONE COMPANY
                                              07/18/00  SPECIAL APPEARANCE OF THE FLINTKOTE
                                                        COMPANY AND MOTION TO
                                              07/18/00  TRANSFER AND ORIGINAL ANSWER SUBJECT
                                                        THERETO  (LROD)
                                              07/19/00  ORIGINAL ANSWER: RILEY STOKER
                                                        CORPORATION
                                              07/20/00  ORIGINAL ANSWER:  RAPID AMERICAN
                                                        CORPORATION
                                              07/21/00  ORIGINAL ANSWER:  THE SYNKOLIOD COMPANY
                                              07/21/00  CROSS ACTION: SYNKOLOID, A DIVISION OF
                                                        MURALO CO.
                                              07/21/00  DEF THE SYNKOLOID COMPANY'S ORIGINAL
```

```
RUN DATE 10/08/01                                                        PAGE: 09
RUN TIME 10:47 AM        *  *  *  C L E R K ' S   E N T R I E S  *  *  *

                                                                    2000-06-002404-A

ADAN R. GARZA & GUADALUPE GARZA, ET AL        00536801
                                              LESLIS MACLEAN              (10)      06    07    00
                                              5630 YALE BLVD.
                                              DALLAS, TEXAS      75206 0000   DAMAGES
              VS
                                              00001403
                                              HON. MITCHELL C. CHANEY                          30.00
ABLE SUPPLY COMPANY ET, AL                    P.O. BOX 2155
                                              BROWNSVILLE TX.  78520 0000          SIMON MACLEAN
```

07/21/00  ANSWER, CROSS ACTION AND
07/21/00  ANSWER TO ALL CROSS ACTIONS
07/21/00  DEFT'S JURY DEMAND /ESALAS
07/24/00  MINNESOTA MINING AND MANUFACTURING
          COPANY'S ORIGINAL ANSWER AND
07/24/00  TO PLF'S ORIGINAL PETITION AND
          ANSWER TO ALL CROSS ACTIONS
07/25/00  ORIGINAL ANSWER: ABEL SUPPLY COMPANY
07/25/00  ORIGINAL ANSWER OF ABLE SUPPLY COMPANY
          TO PLAINTIFFS' ORIGINAL
07/25/00  PETITION AND ALL CROSS-ACTIONS AND
          THRID PARTY ACTIONS
07/25/00  MOTION FOR A TRANSFER OUT : ABEL
          SUPPLY COMPANY
07/27/00  ORIGINAL ANSWER: J.T. THORPE
          CORPORATION
07/27/00  CROSS ACTION: J.T. THORPE CORPORATION
07/27/00  J.T. THORPE COMPANY'S MTN TO TRANSFER
          VENUE /ESALAS
07/27/00  MTN TO STRIKE PLFS' ORIGINAL PETITION
          AND MTN SEVER /ESALAS
08/01/00  THIRD PARTY PETITION: GAF CORPORATION
08/21/00  ORIGINAL ANSWER: HARBISON-WALKER
          REFACTORIES COMPANY
09/18/00  MOTION TO SUBSTITUTE COUNSEL OF
          RECORD (IGARCIA)
09/22/00  ATTORNEY WITHDRAWN: HON PHILLIP S.
          BROWN
09/22/00  SUBSTITUTED WITH: HON DONALD E.

```
RUN DATE 10/08/01                                                                    PAGE: 10
RUN TIME 10:47 AM

                            * * * C L E R K ' S   E N T R I E S  * * *

                                    00536801                                    2000-06-002404-A
ADAN R. GARZA & GUADALUPE GARZA, ET AL    LESLIS MACLEAN
                                          5630 YALE BLVD.
                                          DALLAS, TEXAS              75206 0000          06   07   00
              VS
                                    00001403
                                    HON. MITCHELL C. CHANEY              DAMAGES (10)           SIMON MACLEAN
ABLE SUPPLY COMPANY ET, AL          P.O. BOX 2155
                                    BROWNSVILLE TX.      78520 0000                                30.00
```

GODWIN
10/31/00  ORIGINAL ANSWER: GASKET HOLDINGS, INC.
11/14/00  ORIGINAL ANSWER : ASBESTOS CLAIMS
          MANAGEMENT CORPORATION
12/27/00  MTN TO WITHDRAW APPEARANCE AS COUNSEL
          FOR DEFT ASBESTOS CLAIMS
12/27/00  MANAGEMENT CORPORATION /ESALAS
01/12/01  ATTORNEY WITHDRAWN: HON. JAMES H.
          POWERS
01/16/01  HARBISON-WALKER REF. CO (FORMERLY) A
          DIVISION OF INDRESCO INC'S
01/16/01  MTN FOR SUBSTITUTION OF
          COUNSEL(IGARCIA)
01/16/01  A P GREEN INDUSTRIES INC'S FKA A P
          GREEN REFRACTORIES CO., A
01/16/01  SIBSIDIARY OF U S GYPSUM CO) MTN
          FOR SUBSTITUTION OF
          COUNSEL(IGARCIA)
01/23/01  ATTORNEY WITHDRAWN: LEWIS C.
          MILLENBERGER
01/23/01  SUBSTITUTED WITH: H. DANIEL SPAIN
02/06/01  DROP DOCKET NOTICES MAILED
02/13/01  NOTICE OF CHANGE OF ADDRESS /ESALAS
03/06/01  PLTFS' MTN TO RETAIN CASE ON THE
          COURT'S DOCKET /ESALAS
05/01/01  CROSS ACTION: GARLOCK, INC.
05/01/01  DEFTS GARLOCK INC AND THE ANCHOR
          PACKING COMPANY'S FIRST
05/01/01  AMENDED ANSWER, JURY DEMAND AND

RUN DATE 10/08/01                                                              PAGE: 11
RUN TIME 10:47 AM

ADAN R. GARZA & GUADALUPE GARZA, ET AL            *  *  *  C L E R K ' S   E N T R I E S  *  *  *         2000-06-002404-A

                                          VS

ABLE SUPPLY COMPANY ET, AL

                                                       00536801                (10)                                06     07     00
                                                       LESLIS MACLEAN
                                                       5630 YALE BLVD.
                                                       DALLAS, TEXAS          75206 0000          DAMAGES

                                                       00001403
                                                       HON. MITCHELL C. CHANEY
                                                       P.O. BOX 2155
                                                       BROWNSVILLE TX.        78520 0000                                        30.00

                                                                  05/01/01    CROS-ACTION SUBJECT TO MTN          SIMON MACLEAN
                                                                              TRANSFER VENUE /ESALAS
                                                                  10/04/01    PLTFS DESIGNATION OF LEAD COUNSEL
                                                                              /ESALAS

PAGE NO.      1
06/20/2000

COLTEC INDUSTRIES
Anchor

ASBESTOS CLAIM INFORMATION

| COLT ID NUMBER | PLAINTIFF'S NAME | CASE NUMBER | COLT ATTY |
| ------- | ------------------------------ | --------------- | ------ |
| G311750 | GARZA, ADAN R & GUADALUPE | 2000-06-002404A | RODRI |
| G311751 | HERNANDEZ, MANUEL C & NINFA T | 2000-06-002404A | RODRI |

Number of Claims:        2



# CT System

**Service of Process Transmittal Form**

Dallas, Texas

**06/16/2000**

Courier    Via Federal Express (2nd Day)

**TO:** Timothy P O'Reilly President
Garrison Litigation Management Group Ltd.
One HSBC Plaza
Suite 1830
Rochester, NY  14604-2415

Phone: (716) 325-3500 ex:
FAX: (716) 325-7356

**RE:**    **PROCESS SERVED IN TEXAS**

**FOR**        The Anchor Packing Company Domestic State: De

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

**1. TITLE OF ACTION:**            Adan R. Garza and Guadalupe Garza et al vs Able Supply Company et al incl. The Anchor
Packing Company

**2. DOCUMENT(S) SERVED:**        Citation, Petition,

**3. COURT:**                107TH Judicial District Court Cameron County Texas
Case Number 200006002404A

**4. NATURE OF ACTION:**        Asbestos

**5. ON WHOM PROCESS WAS SERVED:**        CT Corporation System, Dallas, Texas

**6. DATE AND HOUR OF SERVICE:**        By Process server on 06/15/2000 at 12:45

**7. APPEARANCE OR ANSWER DUE:**        10:00 a.m. Monday next after the expiration of 20 days

**8. ATTORNEY(S):**        Leslie Maclean
5630 Yale Blvd
Dallas, TX  75206

**9. REMARKS:**

**SIGNED**    CT Corporation System

**PER**        Kasey L. McGee
**ADDRESS**    350 North St. Paul Street
Dallas, TX  75201
SOP WS 0003025150

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

Case 1:01-cv-00179  Document 1  Filed in TXSD on 10/19/2001  Page 31 of 95

30251/50  JUN 15 2000

Citation . ַ Personal Service  - GENERAL _____    Lit / Seq. # 5.004.01

No. 2000-06-002404-A

T H E   S T A T E   O F   T E X A S        **COPY**

    NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: THE ANCHOR PARKING COMPANY
BY SERVING IT'S REGISTERED
AGENT, C.T. CORPORATION SYSTEM
350 N ST. PAUL STREET
SIOTE 2900, DALLAS, TEXAS 75201

the _____ DEFENDANT _____, GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION _____

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ PETITION _____ was filed on JUNE 07, 2000  .  A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002404-A.

The style of the case is:

        ADAN R. GARZA & GUADALUPE GARZA, ET AL
                 VS.
           ABLE SUPPLY COMPANY ET, AL

Said petition was filed in said court by _____ LESLIS MACLEAN ____
(Attorney for _____ PLAINTIFF _____), whose address is 5630 YALE BLVD. DALLAS, TEXAS  75206 .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of  JUNE  , A.D. 2000.

               AURORA DE LA GARZA , DISTRICT CLERK
          Cameron County, Texas
          974 E. Harrison St.
          Brownsville, Texas 78521

               Othelia Ahumada , Deputy



CAUSE NO. 2000-06-2404-A

| | | |
|---|---|---|
| ADAN R. GARZA & | § | IN THE DISTRICT COURT OF |
| GUADALUPE GARZA; | § | |
| MANUEL C. HERNANDEZ & | § | |
| NINFA T. HERNANDEZ, | § | |
|     Plaintiffs. | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY COMPANY | § | |
| ET AL., | § | |
|     Defendants. | § | 107th JUDICIAL DISTRICT |

FILED: 10:30 O'CLOCK ___ M
AURORA DE LA GARZA DIST. CLERK

JUN 0 7 2000

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_____DEPUTY

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

    Plaintiffs, Adan R. Garza and Guadalupe Garza, and Manuel C. Hernandez and Ninfa T.

Hernandez (plaintiffs) file this original petition and would respectfully show:

### A. Parties

#### *Plaintiffs*

    1.    Plaintiffs, Adan and Guadalupe Garza, are Texas residents who reside in Cameron County, Texas. (2772 Laredo Road, Brownsville, Texas 78520).

    2.    Plaintiffs, Manuel and Ninfa Hernandez, are Texas residents who reside in Cameron County, Texas. (2985 Bertha Street, Brownsville, Texas 78521).

#### *Defendants*

    3.    Able Supply Company is a Texas corporation, and may be served with process by serving its registered agent, Thomas Daubner, Houston, Texas 77001.

    4.    ACandS, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, is authorized to do business in the State of Texas, and may be served with service of process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

    5.    The Anchor Packing Company is a foreign corporation and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

6.  Aqua-Chem, Inc. (d/b/a Cleaver-Brooks Division) has at all times relevant to this litigation, conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas, that under the Texas Long-Arm Statute, it can be served with process by serving the Texas Secretary of State. Defendant's home office address is 7800 N. 113th Street, Milwaukee, Wisconsin, 53224-3136.

7.  Armstrong World Industries, Inc. (successor-in-interest to Armstrong Cork Company) is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

8.  A.P. Green Industries (f/k/a A.P. Green Refractories Company, a subsidiary of U.S. Gypsum Company) is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

9.  Asbestos Claims Management Corporation is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with service of process by serving its registered agent, W.D. Helton, Jr. 2608 Eastland Ave., Suite 202, Greenville, Texas 75402.

10.  Brown & Root, individually and as successor-in-interest to Brown & Root USA, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

11.  Combustion Engineering, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

12.  Crown Cork and Seal Company, individually and as successor-in-interest to Mundet Cork Company may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

13.  Dana Corporation, is a foreign corporation and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

14.  The Flintkote Company is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, Nossaman, Guthner, Knox & Elliot, 50 California Street, Thirty-fourth Floor, San Francisco, California, 94111-

4712.

15.    Fibreboard Corporation is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, U.S. Corp., 800 Brazos, Austin, Texas 78701.

16.    Foster Wheeler Energy Corporation, is a foreign corporation, and may be served with process by serving its registered agent, U.S. Corp., 800 Brazos, Austin, Texas 78701.

17.    GAF Corporation (successor-in-interest to Ruberoid Company) is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its General Counsel, 1361 Alps Road, Wayne, New Jersey 07470, by certified mail, return receipt requested.

18.    Garlock, Inc. is a foreign corporation and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

19.    Gasket Holdings, Inc., individually and as successor- in- interest to Flexitallic Gasket Company, may be served with process through its corporate headquarters, P.O. Box 760, 6915 La Porte Road, Deer Park, Texas 77536.

20.    Guard-Line, Inc. is a Texas corporation and may be served with process by serving its registered agent, H. Lee Stanley, 215 S. Louise Street, Atlanta, Texas.

21.    General Refractories Company is a foreign corporation and had at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas.  Defendant has sufficient contacts with Texas, that under the Texas Long-Arm Statute, it may be served with process by serving the Texas Secretary of State.  Defendants home office address is 225 City Ave., Suite 114 Bala Cynwyd, Pennsylvania, 19004.

22.    Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company, may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

23.    Harbison-Walker Refractories Company (formally a division of Indresco, Inc.) is a Texas corporation with its principal place of business located in Texas, but may be served with service of process by serving its registered agent, Christine L. Astin, Connecticut Valley Claims Service Company, Inc., P.O. Box 950 , 525 Brook Street, Rocky Hill, Connecticut 06067.

24.    Ingersol-Rand Company, is a foreign corporation organized and existing under the laws of the State of New Jersey, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

25.     J.T. Thorpe Company, individually and as successor-in-interest to Thorpe Insulation Company, a foreign corporation, organized and existing under the laws of the State of New York, may be served with service of process by serving its registered agent, Gerald W. Scott, 6833 Kirbyville, Houston, Texas 77003.

26.   Kaiser Aluminum & Chemical Corporation, may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

27.     Kelly-Moore Paint Company is a foreign corporation organized and existing under the laws of the State of California, and may be served with process by serving its registered agent, Kenneth S. Wall, 2727 Allen Parkway, Suite 1300, Houston, Texas 77019.

28.     Metropolitan Life Insurance Company is a foreign corporation, organized and existing under the laws of the State of New York, and may be served with process by serving its registered agent Robert Wolin, 1717 Main Street, Suite 3100, Dallas, Texas 75201.

29.     Minnesota Mining and Manufacturing Company "3M" is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

30.     North American Refractories Company is a foreign corporation organized and existing under the laws of the State of Ohio, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

31.     Owens-Corning Fiberglas, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

32.   PPG Industries, Inc. is a foreign corporation organized and existing under the laws of the State of Pennsylvania, and may be served with service process by serving its registered agent, Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78701.

33.     Proko Industries, Inc., is a foreign corporation and may be served with process by serving its registered agent, Robert C. Waite, at the corporate headquarters, Proko Industries, Inc., 501 S. Foote Street Cambridge City, Indiana 47327.

34.     Rapid American Corporation, individually and as successor-in-interest to Glen Alden Corporation, which is successor-in-interest to Phillip Carey Corporation and Phillip Carey Manufacturing Company, may be served with service of process by serving its registered agent, CSC Corporation, 1013 Centre Road, Wilmington, Delaware 19805-1297.

4

35.     Riley Stoker, may be served with process by serving its registered agent, C.T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

36.     Synkoloid, A Division of Muralo Co., is a foreign corporation and had at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas.  Defendant has sufficient contacts with Texas, that under the Texas long-Arm Statute, it can be served with process by serving the Texas Secretary of State.  Defendant's home office address is Synkoloid, A Division of Muralo Co., Inc., 148 E. 5th Street Bayonne, New Jersey 07002.

37.     Triplex, Inc., may be served with service of process by serving its registered agent, Toni Trcka, 1122 Kress, Houston, Texas 77002.

38.     Union Carbide Corporation, is a foreign corporation, and may be served with process by serving its registered agent, C.T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

39.     Uniroyal Holding, Inc., individually and as successor-in-interest to U.S. Rubber, is a foreign corporation and had at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas.  Defendant has sufficient contacts with Texas, that under the Texas long-Arm Statute, it can be served with process by serving the Texas Secretary of State.  Defendant's home office address is Uniroyal Holding, Inc., 70 Great Hill Road, Naugatuck, Connecticut 06770.

40.     United States Gypsum Company is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

41.     U.S. Mineral Products Company may be served with process through its principal place of business at 14 Furnance Street, Stanhope, New Jersey 07874.

42.     W.R. Grace & Company, Conn. is a foreign corporation organized existing under the laws of the State of Connecticut and may be served with service of process by serving its registered agent, Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78701.

### B. Jurisdiction and Venue

43.     Venue is proper in Cameron County because all or a substantial part of the events or omissions giving rise to the claim occurred in Cameron County.  The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the court.  The Court has

jurisdiction over the defendants because they are either Texas residents, or they have done business in the State of Texas, have committed a tort, in whole or in part, in the State of Texas, and have had continuing contacts with Texas and are amenable to service by a Texas court.

### C. Non-Removability

44.     This suit is not removable because there is not complete diversity between all plaintiffs and all defendants.

### D.   Discovery Plan

45.     Plaintiffs intend to conduct discovery under a level-three discovery plan pursuant to the Texas Rules of Civil Procedure.

### E.   Facts

46.     Mr. Garza worked as an electrician at various Texas industrial and commercial facilities from approximately 1954 through 1990. Mr. Garza was diagnosed with an asbestos-related disease in February 2000. Mr. Hernandez worked as an insulator and as a pipefitter in various Texas industrial and commercial facilities from approximately 1966 through 1993. Mr. Hernandez was diagnosed with an asbestos-related disease in January 2000. Prior to and during Mr. Garza's and Mr. Hernandez's work history, defendants were engaged in the manufacture, design, marketing, distribution, mining, milling, resale, relabeling, the application or installation of materials used for insulation-containing asbestos and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

47.     The products and/or machinery were manufactured, designed, marketed, distributed, sold, mined, milled, resold, relabeled, installed or applied by defendants, who were, at all times, acting through their servants, employees, representatives, agents, and these products were placed in

6

the stream of commerce to be purchased and used by the public.

48.     Mr. Hernandez and Mr. Garza were exposed to large amounts of asbestos from the asbestos-containing products and machinery manufactured, designed, marketed, distributed, sold, mined, milled, resold, relabeled, installed or applied by defendants.  In addition to the asbestos and asbestos containing-products and machinery Mr. Hernandez and Mr. Garza were required to handle, Mr. Hernandez and Mr. Garza were exposed as bystanders to other asbestos-containing products present in their work places which also had been manufactured, designed, marketed, distributed, sold, mined, milled, resold, relabeled, installed or applied by defendants.  These exposures and the result of debilitating disease were foreseeable to defendants.

49.     As a result of their exposure to asbestos, asbestos-containing products and/or machinery described above, Mr. Hernandez and Mr. Garza developed asbestos-related disease.

### F.  Causes of Action

#### *Negligence*

50.     Defendants had a duty to exercise reasonable care in the manufacture, market, and design of asbestos, asbestos-containing products and/or machinery.  Defendants knew or should have known that asbestos, asbestos-containing products and/or machinery were poisonous and harmful to plaintiff's health.   As a proximate result of defendants' negligence, plaintiffs now suffer from disease.

#### *Strict Liability*

51.     Defendants are strictly liable to plaintiffs for defendants' acts.  Defendants' acts or omissions were a producing cause of plaintiffs' injuries and damages.  The defective condition of the products and/or machinery rendered products and/or machinery unreasonably dangerous.  The

asbestos-containing products and/or machinery were in this defective condition at that time they left the hands of the defendants and were placed in the stream of commerce.

52.    The acts or omissions of the above defendants, acting through their agents, employees, and/or representatives make defendants liable for malice.  The defendants' conduct was in heedless and reckless disregard of the rights of the plaintiffs and involved such a want of care as to establish that it was a result of conscious indifference to the rights, welfare, and safety of plaintiffs.  As a result of defendants' conduct, acting through their agents, employees and/or representatives, plaintiffs seek exemplary damages as allowed by the Texas Practice and Remedies Code.

53.    Additionally, there was a marketing defect in the products and/or machinery when it left defendants' possession which was a producing cause of the plaintiffs' injuries and damages. Defendants failed to adequately warn plaintiffs of the asbestos-containing products and/or machinery which were unreasonably dangerous products.

54.    Finally, defendants' asbestos-containing products and/or machinery were defectively designed at the time they left the defendants' possession, which rendered them unreasonably dangerous.  The defective design was a producing cause of the plaintiffs' injuries and damages.

55.    Mr. Hernandez and Mr. Garza used respiratory devices designed and manufactured by 3M, commonly known as a "dust mask."  The defective condition of the dust masks rendered them unreasonably dangerous for the protection against the inhalation of asbestos fibers.  The respiratory devices were in a defective condition at the time they left the hands of Defendant 3M. The 3M dust masks were defectively marketed and designed, which was a producing cause of the plaintiffs' injuries.

8

*Conspiracy*

56.     Defendants, individually, and as agents of one another, and as co-conspirators, agreed and conspired among themselves and with other asbestos manufacturers and distributors to injure plaintiffs. Defendants entered into a conspiracy to: (1) withhold medical and scientific information; (2) misrepresent material facts about the seriousness of asbestos-related diseases; (3) delete material information from studies and reports; (4) disseminate misleading information; (5) prevent the disclosure of medical and scientific information; and (6) alter studies and reports and terminate studies that were unfavorable to them. Defendants committed these acts to profit by the sale of products which were unreasonably dangerous. The acts of omissions of the conspirators constitute fraudulent concealment and/or fraudulent misrepresentation which was a proximate cause of plaintiffs' injuries and damages. Defendants' acts and omissions amount to a total disregard of the plaintiffs' rights and constitute civil conspiracy.

## G.  Damages

57.   .  As a result of defendants' actions, plaintiffs have suffered the following damages:

     a. Physical pain and mental anguish in the past and future;

     b. Lost earnings;

     c. Damage to earning capacity;

     d. Disfigurement in the past and future;

     e. Physical impairment in the past and future;

     f. Medical expenses in the past and future;

     g. Loss of consortium in the past and future; and

9

       h.  Loss of household services in the past and future.

58.    Additionally, because defendants acted with malice, plaintiffs are entitled to an award of exemplary damages.

## H.   Jury Demand

59.    Plaintiffs demand that all issues of fact in this case to be tried to a jury and have paid the appropriate jury fee.

## I.   Prayer

60.    For these reasons, plaintiffs ask that defendants be cited to appear and answer and that upon final judgment, plaintiffs have judgment against defendants, jointly and severally, for :

    a. Actual damages;

    b. Exemplary damages;

    c. Pre-judgment and post-judgment interest as allowed by law;

    d. Cost of suit; and

    e. All other relief to which the plaintiffs are entitled.

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

Jeffrey B. Simon (00784204)
5630 Yale Blvd.
Dallas,  Texas 75206
(214) 692-6363 Telephone
(214) 692-6464 Facsimile

10

**LESLIE MACLEAN, P.C.**

Leslie MacLean (00794209)
5630 Yale Blvd.
Dallas, Texas 75206
(214) 692-6363 Telephone
(214) 692-6464 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

11

Case 1:01-cv-00179   Document 1   Filed in TXSD on 10/19/2001   Page 43 of 95

COLTEC INDUSTRIES
Garlock

ASBESTOS CLAIM INFORMATION

| COLT ID NUMBER | PLAINTIFF'S NAME | CASE NUMBER | COLT ATTY |
|------|------|------|------|
| G311750 | GARZA, ADAN R & GUADALUPE | 2000-06-002404A | RODRI |
| G311751 | HERNANDEZ, MANUEL C & NINFA T | 2000-06-002404A | RODRI |

Number of Claims:      2



# CT System

**Service of Process Transmittal Form**

Dallas, Texas

06/16/2000

Courier   VIa Federal Express (2nd Day)

**TO:**  Timothy P O'Reily President
Garrison Litigation Management Group Ltd.
One HSBC Plaza
Suite 1830
Rochester, NY  14604-2415

Phone: (716) 325-3500 ex:
FAX: (716) 325-7356

**RE:**     **PROCESS SERVED IN TEXAS**

**FOR**         Garlock Inc. Domestic State: Oh

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **1. TITLE OF ACTION:** | Adan R. Garza and Guadalupe Garza et al vs Able Supply Company et al incl. Garlock Inc. |
| **2. DOCUMENT(S) SERVED:** | Citation, Petition, |
| **3. COURT:** | 107TH Judicial District Court Cameron County Texas<br>Case Number 200006002404A |
| **4. NATURE OF ACTION:** | Asbestos |
| **5. ON WHOM PROCESS WAS SERVED:** | CT Corporation System, Dallas, Texas |
| **6. DATE AND HOUR OF SERVICE:** | By Process server on 06/15/2000 at 12:45 |
| **7. APPEARANCE OR ANSWER DUE:** | 10:00 a.m. Monday next after the expiration of 20 days |
| **8. ATTORNEY(S):** | Leslie Maclean<br>5630 Yale Blvd<br>Dallas, TX  75206 |

**9. REMARKS:**

**SIGNED**     CT Corporation System

**PER**     Kasey L. McGee
**ADDRESS**     350 North St. Paul Street
Dallas, TX  75201
SOP WS 0003025141

Information contained on this transmittal form is recorded for C T Corporation System's record keeping purposes only and to permit quick reference for the recipient. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information that can be obtained from the documents themselves. The recipient is responsible for interpreting the documents and for taking the appropriate action.

30 15171                                    JULY 15 2000

Citation for Personal Service - NON-RESIDENT NOTICE    Lit. Seq. # 5.016.01

No. 2000-06-002404-A

**COPY**

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: GARLOCK, INC.
    BY SERVING IT'S REGISTERD
    AGENT, C.T. CORPORATION SYSTEM
    350 N. ST. PAUL STREET
    SUITE 2900, DALLAS, TEXAS 75201

the          DEFENDANT          , GREETING:

    You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said          PETITION          was filed on JUNE 07, 2000  . A copy of same accompanies this citation.

The file number of said suit being No. 2000-06-002404-A.

The style of the case is:

              ADAN R. GARZA & GUADALUPE GARZA, ET AL
                              VS.
              ABLE SUPPLY COMPANY ET, AL

Said petition was filed in said court by          LESLIS MACLEAN
(Attorney for          PLAINTIFF          ), whose address is
5630 YALE BLVD. DALLAS, TEXAS  75206                              .

    The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

    The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

    Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 7th day of   JUNE  , A.D. 2000.

                    AURORA DE LA GARZA    , DISTRICT CLERK
                    Cameron County, Texas
                    974 E. Harrison St.
                    Brownsville, Texas 78521
                    BY: _____ , Deputy

Case 1:01-cv-00179   Document 1   Filed in TXSD on 10/19/2001   Page 46 of 95

CAUSE NO. 2000-CC-2404-A



FILED 10:30 O'CLOCK A M
AURORA DE LA GARZA DIST. CLERK
JUN 0 7 2000
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

| | | |
|---|---|---|
| ADAN R. GARZA & | § | IN THE DISTRICT COURT OF |
| GUADALUPE GARZA; | § | |
| MANUEL C. HERNANDEZ & | § | |
| NINFA T. HERNANDEZ, | § | |
| **Plaintiffs.** | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY COMPANY | § | |
| ET AL., | § | |
| **Defendants.** | § | 10TH JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiffs, Adan R. Garza and Guadalupe Garza, and Manuel C. Hernandez and Ninfa T.

Hernandez (plaintiffs) file this original petition and would respectfully show:

### A. Parties

#### *Plaintiffs*

1.      Plaintiffs, Adan and Guadalupe Garza, are Texas residents who reside in Cameron County, Texas. (2772 Laredo Road, Brownsville, Texas 78520).

2.      Plaintiffs, Manuel and Ninfa Hernandez, are Texas residents who reside in Cameron County, Texas. (2985 Bertha Street, Brownsville, Texas 78521).

#### *Defendants*

3.      Able Supply Company is a Texas corporation, and may be served with process by serving its registered agent, Thomas Daubner, Houston, Texas 77001.

4.      ACandS, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, is authorized to do business in the State of Texas, and may be served with service of process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

5.      The Anchor Packing Company is a foreign corporation and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

CMPDF - www.festoc.com

6.     Aqua-Chem, Inc. (d/b/a Cleaver-Brooks Division) has at all times relevant to this litigation, conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas, that under the Texas Long-Arm Statute, it can be served with process by serving the Texas Secretary of State. Defendant's home office address is 7800 N. 113th Street, Milwaukee, Wisconsin, 53224-3136.

7.     Armstrong World Industries, Inc. (successor-in-interest to Armstrong Cork Company) is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

8.     A.P. Green Industries (f/k/a A.P. Green Refractories Company, a subsidiary of U.S. Gypsum Company) is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

9.     Asbestos Claims Management Corporation is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with service of process by serving its registered agent, W.D. Helton, Jr. 2608 Eastland Ave., Suite 202, Greenville, Texas 75402.

10.    Brown & Root, individually and as successor-in-interest to Brown & Root USA, Inc., is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

11.    Combustion Engineering, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

12.    Crown Cork and Seal Company, individually and as successor-in-interest to Mundet Cork Company may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

13.    Dana Corporation, is a foreign corporation and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

14.    The Flintkote Company is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, Nossaman, Guthner, Knox & Elliot, 50 California Street, Thirty-fourth Floor, San Francisco, California, 94111-

2

4712.

15.     Fibreboard Corporation is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, U.S. Corp., 800 Brazos, Austin, Texas 78701.

16.     Foster Wheeler Energy Corporation, is a foreign corporation, and may be served with process by serving its registered agent, U.S. Corp., 800 Brazos, Austin, Texas 78701.

17.     GAF Corporation (successor-in-interest to Ruberoid Company) is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its General Counsel, 1361 Alps Road, Wayne, New Jersey 07470, by certified mail, return receipt requested.

18.     Garlock, Inc. is a foreign corporation and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201.

19.     Gasket Holdings, Inc., individually and as successor-in-interest to Flexitallic Gasket Company, may be served with process through its corporate headquarters, P.O. Box 760, 6915 La Porte Road, Deer Park, Texas 77536.

20.     Guard-Line, Inc. is a Texas corporation and may be served with process by serving its registered agent, H. Lee Stanley, 215 S. Louise Street, Atlanta, Texas.

21.     General Refractories Company is a foreign corporation and had at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas.  Defendant has sufficient contacts with Texas, that under the Texas Long-Arm Statute, it may be served with process by serving the Texas Secretary of State.  Defendants home office address is 225 City Ave., Suite 114 Bala Cynwyd, Pennsylvania, 19004.

22.     Georgia-Pacific Corporation, individually and as successor-in-interest to Bestwall Gypsum Company, may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

23.     Harbison-Walker Refractories Company (formally a division of Indresco, Inc.) is a Texas corporation with its principal place of business located in Texas, but may be served with service of process by serving its registered agent, Christine L. Astin, Connecticut Valley Claims Service Company, Inc., P.O. Box 950 , 525 Brook Street, Rocky Hill, Connecticut 06067.

24.     Ingersol-Rand Company, is a foreign corporation organized and existing under the laws of the State of New Jersey, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

25.     J.T. Thorpe Company, individually and as successor-in-interest to Thorpe Insulation Company, a foreign corporation, organized and existing under the laws of the State of New York, may be served with service of process by serving its registered agent, Gerald W. Scott, 6833 Kirbyville, Houston, Texas 77003.

26.     Kaiser Aluminum & Chemical Corporation, may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

27.     Kelly-Moore Paint Company is a foreign corporation organized and existing under the laws of the State of California, and may be served with process by serving its registered agent, Kenneth S. Wall, 2727 Allen Parkway, Suite 1300, Houston, Texas 77019.

28.     Metropolitan Life Insurance Company is a foreign corporation, organized and existing under the laws of the State of New York, and may be served with process by serving its registered agent Robert Wolin, 1717 Main Street, Suite 3100, Dallas, Texas 75201.

29.     Minnesota Mining and Manufacturing Company "3M" is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

30.     North American Refractories Company is a foreign corporation organized and existing under the laws of the State of Ohio, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

31.     Owens-Corning Fiberglas, Inc. is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

32.     PPG Industries, Inc. is a foreign corporation organized and existing under the laws of the State of Pennsylvania, and may be served with service process by serving its registered agent, Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78701.

33.     Proko Industries, Inc., is a foreign corporation and may be served with process by serving its registered agent, Robert C. Waite, at the corporate headquarters, Proko Industries, Inc., 501 S. Foote Street Cambridge City, Indiana 47327.

34.     Rapid American Corporation, individually and as successor-in-interest to Glen Alden Corporation, which is successor-in-interest to Phillip Carey Corporation and Phillip Carey Manufacturing Company, may be served with service of process by serving its registered agent, CSC Corporation, 1013 Centre Road, Wilmington, Delaware 19805-1297.

4

35.     Riley Stoker, may be served with process by serving its registered agent, C.T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

36.     Synkoloid, A Division of Muralo Co., is a foreign corporation and had at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas, that under the Texas long-Arm Statute, it can be served with process by serving the Texas Secretary of State. Defendant's home office address is Synkoloid, A Division of Muralo Co., Inc., 148 E. 5th Street Bayonne, New Jersey 07002.

37.     Triplex, Inc., may be served with service of process by serving its registered agent, Toni Trcka, 1122 Kress, Houston, Texas 77002.

38.     Union Carbide Corporation, is a foreign corporation, and may be served with process by serving its registered agent, C.T. Corporation System, 811 Dallas Ave., Houston, Texas 77002.

39.     Uniroyal Holding, Inc., individually and as successor-in-interest to U.S. Rubber, is a foreign corporation and had at all times relevant to this litigation conducted business in the State of Texas but no longer maintains a regular place of business or a designated agent for service of process in Texas. Defendant has sufficient contacts with Texas, that under the Texas long-Arm Statute, it can be served with process by serving the Texas Secretary of State. Defendant's home office address is Uniroyal Holding, Inc., 70 Great Hill Road, Naugatuck, Connecticut 06770.

40.     United States Gypsum Company is a foreign corporation organized and existing under the laws of the State of Delaware, and may be served with process by serving its registered agent, C.T. Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

41.     U.S. Mineral Products Company may be served with process through its principal place of business at 14 Furnance Street, Stanhope, New Jersey 07874.

42.     W.R. Grace & Company, Conn. is a foreign corporation organized existing under the laws of the State of Connecticut and may be served with service of process by serving its registered agent, Prentice-Hall Corporation Systems, 800 Brazos, Austin, Texas 78701.

### B. Jurisdiction and Venue

43.     Venue is proper in Cameron County because all or a substantial part of the events or

omissions giving rise to the claim occurred in Cameron County. The Court has jurisdiction over the

controversy because the damages are within the jurisdictional limits of the court. The Court has

5

jurisdiction over the defendants because they are either Texas residents, or they have done business in the State of Texas, have committed a tort, in whole or in part, in the State of Texas, and have had continuing contacts with Texas and are amenable to service by a Texas court.

### C. Non-Removability

44.    This suit is not removable because there is not complete diversity between all plaintiffs and all defendants.

### D.  Discovery Plan

45.    Plaintiffs intend to conduct discovery under a level-three discovery plan pursuant to the Texas Rules of Civil Procedure.

### E.  Facts

46.    Mr. Garza worked as an electrician at various Texas industrial and commercial facilities from approximately 1954 through 1990. Mr. Garza was diagnosed with an asbestos-related disease in February 2000. Mr. Hernandez worked as an insulator and as a pipefitter in various Texas industrial and commercial facilities from approximately 1966 through 1993. Mr. Hernandez was diagnosed with an asbestos-related disease in January 2000. Prior to and during Mr. Garza's and Mr. Hernandez's work history, defendants were engaged in the manufacture, design, marketing, distribution, mining, milling, resale, relabeling, the application or installation of materials used for insulation-containing asbestos and/or machinery requiring or calling for the use of asbestos and/or asbestos-containing products.

47.    The products and/or machinery were manufactured, designed, marketed, distributed, sold, mined, milled, resold, relabeled, installed or applied by defendants, who were, at all times, acting through their servants, employees, representatives, agents, and these products were placed in

6

the stream of commerce to be purchased and used by the public.

48.     Mr. Hernandez and Mr. Garza were exposed to large amounts of asbestos from the asbestos-containing products and machinery manufactured, designed, marketed, distributed, sold, mined, milled, resold, relabeled, installed or applied by defendants.  In addition to the asbestos and asbestos containing-products and machinery Mr. Hernandez and Mr. Garza were required to handle, Mr. Hernandez and Mr. Garza were exposed as bystanders to other asbestos-containing products present in their work places which also had been manufactured, designed, marketed, distributed, sold, mined, milled, resold, relabeled, installed or applied by defendants.  These exposures and the result of debilitating disease were foreseeable to defendants.

49.     As a result of their exposure to asbestos, asbestos-containing products and/or machinery described above, Mr. Hernandez and Mr. Garza developed asbestos-related disease.

## F.  Causes of Action

### *Negligence*

50.     Defendants had a duty to exercise reasonable care in the manufacture, market, and design of asbestos, asbestos-containing products and/or machinery.  Defendants knew or should have known that asbestos, asbestos-containing products and/or machinery were poisonous and harmful to plaintiff's health.   As a proximate result of defendants' negligence, plaintiffs now suffer from disease.

### *Strict Liability*

51.     Defendants are strictly liable to plaintiffs for defendants' acts.  Defendants' acts or omissions were a producing cause of plaintiffs' injuries and damages.  The defective condition of the products and/or machinery rendered products and/or machinery unreasonably dangerous.  The

7

asbestos-containing products and/or machinery were in this defective condition at that time they left the hands of the defendants and were placed in the stream of commerce.

52.    The acts or omissions of the above defendants, acting through their agents, employees, and/or representatives make defendants liable for malice. The defendants' conduct was in heedless and reckless disregard of the rights of the plaintiffs and involved such a want of care as to establish that it was a result of conscious indifference to the rights, welfare, and safety of plaintiffs. As a result of defendants' conduct, acting through their agents, employees and/or representatives, plaintiffs seek exemplary damages as allowed by the Texas Practice and Remedies Code.

53.    Additionally, there was a marketing defect in the products and/or machinery when it left defendants' possession which was a producing cause of the plaintiffs' injuries and damages. Defendants failed to adequately warn plaintiffs of the asbestos-containing products and/or machinery which were unreasonably dangerous products.

54.    Finally, defendants' asbestos-containing products and/or machinery were defectively designed at the time they left the defendants' possession, which rendered them unreasonably dangerous. The defective design was a producing cause of the plaintiffs' injuries and damages.

55.    Mr. Hernandez and Mr. Garza used respiratory devices designed and manufactured by 3M, commonly known as a "dust mask." The defective condition of the dust masks rendered them unreasonably dangerous for the protection against the inhalation of asbestos fibers. The respiratory devices were in a defective condition at the time they left the hands of Defendant 3M. The 3M dust masks were defectively marketed and designed, which was a producing cause of the plaintiffs' injuries.

8

*Conspiracy*

56.     Defendants, individually, and as agents of one another, and as co-conspirators, agreed and conspired among themselves and with other asbestos manufacturers and distributors to injure plaintiffs.  Defendants entered into a conspiracy to: (1) withhold medical and scientific information; (2) misrepresent material facts about the seriousness of asbestos-related diseases; (3) delete material information from studies and reports; (4) disseminate misleading information; (5) prevent the disclosure of medical and scientific information; and (6) alter studies and reports and terminate studies that were unfavorable to them.  Defendants committed these acts to profit by the sale of products which were unreasonably dangerous.  The acts of omissions of the conspirators constitute fraudulent concealment and/or fraudulent misrepresentation which was a proximate cause of plaintiffs' injuries and damages.  Defendants' acts and omissions amount to a total disregard of the plaintiffs' rights and constitute civil conspiracy.

## G.  Damages

57.   . As a result of defendants' actions, plaintiffs have suffered the following damages:

      a.  Physical pain and mental anguish in the past and future;

      b.  Lost earnings;

      c.  Damage to earning capacity;

      d.  Disfigurement in the past and future;

      e.  Physical impairment in the past and future;

      f.  Medical expenses in the past and future;

      g.  Loss of consortium in the past and future; and

9

    h.  Loss of household services in the past and future.

58.      Additionally, because defendants acted with malice, plaintiffs are entitled to an award of exemplary damages.

## H.  Jury Demand

59.      Plaintiffs demand that all issues of fact in this case to be tried to a jury and have paid the appropriate jury fee.

## I.  Prayer

60.      For these reasons, plaintiffs ask that defendants be cited to appear and answer and that upon final judgment, plaintiffs have judgment against defendants, jointly and severally, for :

    a.  Actual damages;

    b.  Exemplary damages;

    c.  Pre-judgment and post-judgment interest as allowed by law;

    d.  Cost of suit; and

    e.  All other relief to which the plaintiffs are entitled.

Respectfully submitted,

**THE SIMON LAW FIRM, P.C.**

Jeffrey B. Simon (00784204)
5630 Yale Blvd.
Dallas,  Texas 75206
(214) 692-6363 Telephone
(214) 692-6464 Facsimile

10

**LESLIE MACLEAN, P.C.**

Leslie MacLean (00794209)
5630 Yale Blvd.
Dallas, Texas 75206
(214) 692-6363 Telephone
(214) 692-6464 Facsimile

**ATTORNEYS FOR PLAINTIFFS**

11

FILED _____ O'CLOCK _____ M
AURORA DE LA GARZA DIST. CLERK
MAY 0 1 2001
DISTRICT COURT OF CAMERON COUNTY, TEXAS
RICK M. CORN
DEPUTY

CAUSE NO. 2000-06-2404-A

| | | |
|---|---|---|
| ADAN R. GARZA and GUADALUPE GARZA; MANUEL C. HERNANDEZ and NINFA T. HERNANDEZ | * * * * | IN THE DISTRICT |
| VS. | * * | CAMERON COUNTY, TEXAS |
| ABEL SUPPLY COMPANY, et al. | * | 107th JUDICIAL DISTRICT |

## DEFENDANTS GARLOCK INC AND THE ANCHOR PACKING COMPANY'S FIRST AMENDED ANSWER, JURY DEMAND, AND CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW GARLOCK INC (herein "Garlock") and THE ANCHOR PACKING COMPANY (herein "Anchor Packing"), Defendants in the above entitled and numbered cause, and subsequent to filing their Motion to Transfer Venue, and subject to and without waiving said Motion to Transfer Venue, file this their First Amended Answer, Jury Demand, and Cross-Action Subject to Motion to Transfer Venue in response to Plaintiffs' live pleading, and in support thereof, would show the Court as follows:

I.

### GENERAL DENIAL

Defendants Garlock Inc and The Anchor Packing Company herein avail themselves of the opportunity provided by Rule 92 of the Texas Rules of Civil Procedure to file a general denial herein; and in compliance with said Rule, Defendants deny each and every, all and singular, the material allegations contained in Plaintiffs' live pleadings and all cross-actions which have been or may be filed herein, and state that these are matters that should be proven by Plaintiffs and/or Cross-Defendants as required by law; and Defendants would require strict proof thereof.

## II.

## AFFIRMATIVE DEFENSES

2.01   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the matters complained of by Plaintiffs were caused or contributed to, in whole or in part, by the Plaintiffs' own negligence and/or comparative responsibility.   More specifically, Defendants would show that, among other things:

(a)   Each Plaintiff failed to exercise ordinary care for his safety when he knew or should have known of the hazards incident to his work;

(b)   Each Plaintiff failed to utilize protective clothing and safety equipment when he knew or should have known that the materials with which he was working might be harmful;

(c)   Each Plaintiff failed to use Defendant's products properly and subject them to use that was abnormal and not reasonably foreseeable by Defendants;

(d)   Each Plaintiff failed to advise, requests or demand that his employer or employers provide proper safety equipment, clothing, and protective devices for his use as an employee; and

(e)   Each Plaintiff failed to heed advice and warnings given about proper, safe work conditions and use of the products with which he was working and failed to use equipment provided to him by his employer and others.

2.02   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the matters complained of by the Plaintiffs, which are expressly denied, were proximately caused solely by the negligence, acts, omissions and/or conduct of persons, companies, entities and/or instrumentalities outside of the control of Defendant, and for which acts Defendants are not in law responsible and such acts represent a new, independent, intervening, superseding, and/or sole proximate cause of the occurrences in question and the alleged damages of the Plaintiffs, if any.

2.03   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts, omissions, and/or conduct of persons, companies, entities and/or instrumentalities other than Defendants, over which Defendants had no control, was the sole proximate cause of the Plaintiffs' alleged injuries.

2.04   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if Plaintiffs were injured as alleged, which is not admitted but is expressly denied, such injuries were caused or contributed to, in whole or in part, by a party for whom Defendants are not responsible.

2.05   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of Plaintiffs, Plaintiffs' employers, or other third parties were the sole proximate cause or a new and independent cause of the incident and injuries complained of in this lawsuit.

2.06   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the acts or omissions of Armstrong World Industries, Inc., Babcock and Wilcox Company, Pittsburgh Corning Corporation, Owens-Corning f/k/a Owens-Corning Fiberglas Corporation, Fiberboard Corporation, National Gypsum Company, GAF Corporation, or W. R. Grace & Co.–Conn. were the sole proximate cause of the incident and injuries complained of in this lawsuit.

2.07   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that the damages in this case, if any, were proximately caused by the negligence of third parties and any recovery should be barred or diminished under the applicable provisions of the law.

2.08   For further answer, if such be necessary, and pleading in the alternative Defendants further affirmatively allege that if Plaintiffs were injured as alleged, which is

not admitted but is expressly denied, such injuries were the result of an unavoidable accident.

2.09   For further answer, if such be necessary, and pleading in the alternative Defendants affirmatively allege that the warranties and exclusions of warranties offered when the product in question was purchased limited the liability of the sellers and manufacturers to their provisions, and Plaintiffs' allegations of damages exceed the scope of those warranties and exclusions.

2.10   For further answer, if such be necessary, and pleading in the alternative, Defendants further invoke the provisions of §33.013 of the Texas Civil Practices & Remedies Code in the unlikely event that liability is established by the Plaintiffs in this cause.

2.11   For further answer, if such be necessary, and pleading in the alternative, Defendants further reserve the right to elect that the appropriate percentages of the Plaintiffs' alleged injuries and damages be allocated among those parties whose conduct caused the matters complained of by the Plaintiffs.  Defendants specifically reserve the right to elect to submit to the jury issues of comparative causation and/or comparative negligence and/or comparative responsibility against any settling or non-settling entity as to Plaintiffs in this or other suits, as applicable, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil Practice & Remedies Code (as amended and/or repealed), and/or Art. 2212 and/or 2212a, Texas Revised Civil Statutes.

2.12   For further answer, if such be necessary, and pleading in the alternative, Defendants specifically assert their rights to an appropriate credit, offset and/or reduction in any liability, which is expressly denied, in the event of a settlement by any person, in accordance with the Texas Civil Practice and Remedies Code.

2.13    For further answer, if such be necessary, and pleading in the alternative, in the event that Defendants are found liable to Plaintiffs, which is highly unlikely and would be manifestly unfair, Defendants reserve their right to elect either a pro rata reduction or to take a credit or offset against any judgment against it for any and all sums Plaintiffs have received or may hereafter receive in settlement from any party, person or entity, and/or in the alternative assert its right to elect a proportionate reduction of any damages found against it based upon the percentage of negligence, causation, responsibility, or fault attributable to any settling tortfeasor, pursuant to the doctrines or methods provided in <u>Duncan v. Cessna Aircraft</u>, and/or Chapter 32 and/or 33 of the Texas Civil Practice and Remedies Code (as amended and/or repealed), and/or Article 2212 and/or 2212a, Texas Revised Civil Statutes.

2.14    For further answer, if such be necessary, and pleading in the alternative, Defendants affirmatively allege that all or part of Plaintiffs' claims and causes of action are barred by the applicable statute of limitations and/or the doctrine of laches.

2.15    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate the effect of the alleged injuries and damages as required by law.

2.16    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims are barred, in whole or in part, by the Texas Worker's Compensation Act which provides benefits as the exclusive remedy for the disability of an employee for injuries or occupational diseases which were incurred or sustained during the course of their employment.

2.17    For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if any of its products are hazardous, which is

not admitted but is specifically denied, then because of the state of medical and scientific knowledge in the past, Defendants had no notice or reason to believe that any of their products might be potentially hazardous, and therefore, could not have reasonably foreseen any dangers associated with the use of any of its products.

2.18   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims for damages based on fear of future disease, emotional distress, mental anguish, lost wages, loss of wage earning capacity, devaluation or loss of business in the future, devaluation or loss of use and enjoyment of business, personal and real property, loss of consortium or medical expenses in the future are so speculative and not based upon appropriate evidence that they should not be a recoverable element of damage.

2.19   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs' claims for damages based on fear of future disease, emotional distress, and mental anguish are barred in the absence of demonstrated and sufficient physical injury caused by the harms alleged herein, which Defendants deny, and in the absence of sufficient demonstrated increases in risk of disease, which Defendants deny.

2.20   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that if there was any danger, and such was not open and obvious and apparent to Plaintiffs at all times, Plaintiffs nevertheless knew of the dangers involved and continued to use and to work with such materials and under such conditions with such knowledge, and thus, Defendants owed no duty to warn him of any dangers involved.  Therefore, Plaintiffs are barred from any recovery under the theory of volenti no fit injuria.

2.21   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively deny that they are liable for exemplary damages and rely on the provisions of Chapter 41, of the Texas Civil Practices & Remedies Code, including the provisions on applicability, standards for recovery, preclusions, prejudgment interest, and limitations on amount.

2.22   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively state that an award of punitive damages in this case would violate the procedural due process guaranteed by the Constitution of the United States. Texas Law is vague and standardless as to whether and how much to punish a defendant, and is likely to produce arbitrary and capricious results. Therefore, any award of punitive damages should be disallowed, or declared null and void.

2.23   For further answer, if such be necessary, and pleading in the alternative, Defendants further affirmatively allege that Plaintiffs are not entitled to exemplary or punitive damages as alleged, for the reason that exemplary damages are unconstitutional and violative of the provisions of the United States Constitution and the Texas Constitution, including but not limited to the following provisions:

    (a)   Proscription on excessive fines. U. S. Constitution Amendment 8; Texas Constitution Article I, Section 13.

    (b)   Requirements of Due Process. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 13 and 19.

    (c)   Requirement of Equal Protection Under the Law. U. S. Constitution Amendments 5 and 14; Texas Constitution Article I, Sections 3 and 3a.

    (d)   Proscription on Ex Post Facto and Retroactive Law. U. S. Constitution Article I, Section 10; Texas Constitution Article I, Section 16.

    (e)   Such punitive damages are penal in nature. Under Texas law, they are not tied to any fair, just, and reasonable relation to actual damages. Consequently, exemplary damages violate the contract

clause of the U. S. Constitution, U. S. Constitution Article I, Section 10.

## III.

## JURY DEMAND

Subject to and without waiving its Motion to Transfer Venue, Defendants continue to request a trial by jury and have previously tendered the jury fee.

## CROSS-ACTION SUBJECT TO MOTION TO TRANSFER VENUE

COME NOW GARLOCK INC and THE ANCHOR PACKING COMPANY, Defendants in the above-entitled and numbered cause, and, subsequent to filing their Motion to Transfer Venue and subject to and without waiving said Motion to Transfer Venue, file this their Cross-Action Subject to Motion to Transfer Venue against all Co-Defendants in this cause, and as grounds thereof, would show the Court as follows:

## IV.

Defendants/Cross-Plaintiffs would show that they have been named as Defendants in connection with the above-referenced lawsuit. Cross-Defendants are also named Defendants in this lawsuit and have filed and appeared previously.

## V.

In the event that Defendants/Cross-Plaintiffs have a judgment rendered against them, then they are entitled to complete indemnification and/or contribution from said Cross-Defendants because, any injury alleged by Plaintiffs (to which Defendants have denied any liability on), would not have occurred except due to the acts and/or omissions of the Cross-Defendants. Defendants/Cross-Plaintiffs, in seeking indemnity and contribution as allowed by law and statute, also seek reimbursement of their reasonable and necessary attorney's fees and court costs in this matter.

WHEREFORE, Defendants Garlock Inc and The Anchor Packing Company pray that upon final trial and hearing hereof, they have judgment in accordance with the law and facts as found by this Honorable Court and Jury; that, if liability is assessed against Defendant/Cross-Plaintiff that they have complete indemnification and/or contribution from Cross-Defendants for any and all amounts paid out herein and for any reasonable and necessary attorney's fees and reimbursement of court costs; and for such other and further relief, legal or equitable, general or special, to which they may show themselves justly entitled to receive.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
      Mitchell C. Chaney
State Bar No. 04107500
      Teri L. Danish
State Bar No. 05375320
1201 East Van Buren
Post Office Box 2155
Brownsville, Texas 78522
(956) 542-7441
Fax (956) 541-2170

ATTORNEYS FOR DEFENDANTS,
GARLOCK INC AND THE ANCHOR
PACKING COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendants Garlock Inc and The Anchor Packing Company's First Amended Answer, Jury Demand, and Cross-Action Subject to Motion to Transfer Venue was served upon all counsel of record, to-wit:

Jeffrey B. Simon
The Simon Law Firm, P.C.
5630 Yale Boulevard
Dallas, Texas 75206
Attorneys for Plaintiffs

Leslie MacLean
Leslie MacLean, P.C.
5630 Yale Boulevard
Dallas, Texas 75206
Attorneys for Plaintiffs

All Known Defense Counsel

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery, pursuant to the Texas Rules of Civil Procedure, on this the ___ day of May, 2001.

_____
Teri L. Danish

CAUSE NO. 2000-06-002404-A

| | | |
|---|---|---|
| ADAN R. GARZA, ET AL., | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| ABLE SUPPLY COMPANY, ET AL., | § | |
| | § | |
| Defendants. | § | 107TH JUDICIAL DISTRICT |

## MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION AND ANSWER TO ALL CROSS ACTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW the Defendant Minnesota Mining and Manufacturing Company (3M), and for its Original Answer to Plaintiffs' Original Petition and Answer to all Cross Actions would respectfully show as follows:

1.  Defendant denies each and every, all and singular, Plaintiffs' material allegations, in whole or in part, and demands proof thereof.

2.  The Court lacks jurisdiction over this controversy.

3.  Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitation and/or statutes of repose.

4.  Plaintiffs fail to state a claim or cause of action against 3M upon which relief can be granted.

5.  Any injury, damage or loss sustained by Plaintiffs was caused by the negligence of third parties working with or around Plaintiffs over whom 3M had no control or supervision.

6.  Any injury, damage or loss sustained by Plaintiffs was caused, or contributed to, by Plaintiffs' own contributory negligence.

MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL ASBESTOS PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 1

7.     If 3M was guilty of any negligence, and that is denied, any negligence of 3M when compared with the negligence of Plaintiffs was less, and Plaintiffs are barred from recovery from 3M.

8.     3M alleges that Plaintiffs' damages, if any, were caused by negligent acts or omission, by unreasonably dangerous products, or breach of warranty of others.  3M is entitled to a comparative apportionment of fault, contribution, or a reduction of its liability in this action.

9.     Should 3M be found to be liable for any portion of Plaintiffs' damages, it should be held liable only for that percentage of Plaintiffs' damages which it may be found to have caused.  Should this case be submitted to the jury, it should be submitted in such a manner as to secure a determination as to the relative fault of 3M as compared to all other fault.   Any judgment that is entered as to 3M should be limited only to any fault of 3M.  Any fault is denied.

10.    Any injury, damage or loss sustained by Plaintiffs related to any 3M product was proximately caused by an unintended, unexpected and/or abnormal use or misuse by Plaintiffs.

11.    Any injury, damage or loss sustained by Plaintiffs related to any 3M product was proximately caused by an unintended, unexpected and/or abnormal use or misuse by Plaintiffs' employer.

12.    Plaintiffs' employer knew, or should have known, of any risks Plaintiffs were exposed to, and was negligent in, among other things, failing to reduce any level of asbestos they were exposed to; failing to reduce the release of asbestos; failing to warn Plaintiffs of any alleged exposure; failing to provide proper training and equipment; and/or failing to provide a safe work environment.   Such actions were a new, intervening and/or superseding cause.  This new, intervening and/or superseding conduct was the proximate and/or producing cause of any alleged

MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO
PLAINTIFFS' ORIGINAL ASBESTOS PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 2

Doc ID FAUB-526112 1
5800-0016

injury, damage or loss to Plaintiffs, and, therefore, precludes Plaintiffs from obtaining recovery in whole, or alternatively in part, from 3M.

13.    3M may not properly be subjected to suit in a court which does not have the right to determine the liability of parties who caused any or all of any injury, damage, or loss sustained by Plaintiffs.

14.    Any injury, damage or loss sustained by Plaintiffs was caused by new, intervening and/or superseding actions by others who worked with and around Plaintiffs and over whom 3M had no control or supervision.

15.    Any injury, damage or loss alleged by Plaintiffs was solely caused by the acts and omissions of Plaintiffs' employer.

16.    Any injury, damage or loss alleged by Plaintiffs was solely caused by the acts and omissions of Plaintiffs.

17.    Any injury, damage or loss sustained by Plaintiffs was solely caused by the acts and omissions of others who worked with or around Plaintiffs and over whom 3M had no control or supervision.

18.    Plaintiffs' employer had knowledge of the risks in Plaintiffs' workplace. Plaintiffs' employer was an informed intermediary and a sophisticated user of 3M's products. Plaintiffs' employer was in a superior position to eliminate any hazard Plaintiffs now complain of related to the use of any 3M product.

19.    Any exposure of Plaintiffs to asbestos by reason of any 3M product was minimal and insufficient to establish with reasonable probability that any such product caused injury, damage or loss to Plaintiffs.

MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL ASBESTOS PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 3

Doc ID FAUB-526112 1
5800-0016

20.    Plaintiffs failed to give timely notice to 3M, which did not have notice, of the purported breach of any obligation by 3M with respect to any 3M product. The lack of notice resulted in a waiver of any right which might exist against 3M.

21.    Plaintiffs' delay in bringing this action against 3M was unreasonable and prejudiced the rights of 3M. This action is barred by the doctrines of laches and/or estoppel.

22.    Plaintiffs should have taken action to minimize or eliminate any loss, injury, or damage, and Plaintiffs are precluded from recovering damage, or Plaintiffs' damage should be reduced, by operation of the doctrine of avoidable consequences and mitigation of damages.

23.    Any injury incurred by Plaintiffs was caused by factors other than asbestos and/or were pre-existing, rather than the result of any 3M product.

24.    3M has no liability for punitive damages. Liability for punitive damages and the amount of punitive damages must be established by clear and convincing evidence. Without clear and convincing evidence, a punitive damage award would violate Defendant's due process rights guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Section 19* of *Article I* of the **Texas Constitution**.

25.    3M would show that Plaintiffs' claims for punitive damages cannot be sustained without bifurcating the trial as to all punitive damages issues without violating Defendant's due process rights guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Section 19* of *Article I* of the **Texas Constitution**.

26.    3M would show that Plaintiffs' claims for punitive damages against Defendant cannot be sustained, because an award of punitive damages under Texas law, which is subject to no predetermined limit on the amount of punitive damages that a jury may impose such as a maximum multiple of compensatory damages or a maximum dollar amount, would violate the

MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO
PLAINTIFFS' ORIGINAL ASBESTOS PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 4

Doc ID FAUB-526112 1
5800-0016

CVisPDF – www.foxiso.com

excessive fines clause of the **United States Constitution** and Defendant's due process rights guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Section 19* of *Article I* of the **Texas Constitution**.

      27.    3M would further show that Plaintiffs' claims for punitive damages against it cannot be sustained because an award of punitive damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness, or the appropriate size of any punitive damage award, (2) is not instructed on the limits of punitive damages proposed by the applicable principles of deterrence, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on an objective basis, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, (5) is not subject to review de novo by the trial court to determine that the punitive damages awarded are reasonably necessary to promote the purposes of deterrence that punitive damages are intended to promote, (6) is not supported by findings or fact and conclusions of law entered by the trial court concerning the punitive damages, (7) is permitted to consider evidence of net worth without appropriate limiting instructions, (8) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process rights, guaranteed by the *Fourteenth Amendment* to the **United States Constitution** and by *Article 1, Section 29* of the **Texas Constitution**.

      28.    Pleading further in the alternative, 3M would show that 3M is not responsible for an injury or occurrence caused in whole or in part by the negligence of Plaintiffs' employer, under circumstances where 3M was not allowed recourse against that employer. Such

Doc ID FAUB-526112 1
5800-0016

circumstances would constitute an application of 3M's property to public use without adequate compensation being made in violation of *Article 1, Section 17* of the **Texas Constitution**. The imposition of such responsibility would constitute a taking of private property, for public use, without just compensation in violation of the *Fifth Amendment* to the **United States Constitution**.

29.  Any application of the Texas statutes on workmen's compensation which would make 3M responsible for any injury or occurrence caused by the negligence of Plaintiffs' employer, without recourse for 3M against that employer, would deprive 3M of property or privileges except by the due course of the law of the land in violation of *Article 1, Section 19* of the **Texas Constitution**. Any such application would deprive 3M of property without due process of law in violation of U. S. Const. Amend. V.

30.  The application of strict liability to 3M would constitute an exercise of power properly allocated to the Legislature by the judiciary in violation of *Article II, Section 1* of the **Texas Constitution** and *Article I* of **Vernon's Annotated Civil Statutes**.

31.  Plaintiffs' employer, by virtue of the notice given in publications of the Federal Register and otherwise, had notice of dangers Plaintiffs now complain of and was obligated under federal law to eliminate any such dangers.

32.  The regulations adopted by OSHA pursuant to the Occupational Safety and Health Act allowed airborne asbestos in Plaintiffs' workplace and approved the use of a 3M respirator for protection from airborne asbestos. These regulations conflict with the laws of Texas and are, therefore, preempted by the Occupational Safety and Health Act. An application of Texas product liability law in any manner which is contrary to the Occupational Safety and Health Act is preempted by *Article VI, Clause 2* of the **United States Constitution**.

MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO
PLAINTIFFS' ORIGINAL ASBESTOS PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 6

Doc ID FAUB-526112 1
5800-0016

33.     3M had no duty or responsibility with regard to the manner, method or means for performing Plaintiffs' work.  There was no relationship between Plaintiffs and 3M which created any duty on the part of 3M regarding the manner and method or the conditions under which Plaintiffs performed the work.  3M had no right to control the manner or method in which the work was performed or the conditions under which it was performed.  The state of knowledge of the medical and scientific communities prior to recent years as it related to exposure to asbestos in a work environment similar to that of Plaintiffs' was such that the medical and scientific communities were of the opinion that exposure to asbestos below the Threshold Limit Values recommended by the American Conference of Government Hygienists for dust containing asbestos particles was reasonably safe.  3M was charged with no greater knowledge than that of the medical and scientific communities, and 3M had no reason to foresee or warn of any injury to such workers from exposure to such levels of asbestos.

34.     If any of the Defendants have settled, or during the pendency of this suit do settle, Plaintiffs' claims against them, 3M is entitled to a reduction of its liability to Plaintiff or to a credit for the amount of the settlement paid by the settling Defendants, pursuant to *Article 2212* of the **Texas Revised Civil Statutes**.

35.     3M is entitled to an offset equal to the sum of the dollar amounts of all settlements pursuant to *Section 33.012(b)(1)* of the **Texas Civil Practice & Remedies Code** (Vernon 1987) or pursuant to *Section 33.012(b)(2)* of the **Texas Civil Practice & Remedies, Code** (Vernon 1987).

36.     Any award of prejudgment interest for damages which have not yet accrued would violate 3M's rights to:  (a) substantive and procedural due process under the *Fifth* and *Fourteenth Amendments* to the **United States Constitution**, as well as *Article I, Sections 14, 16,*

MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO
<u>PLAINTIFFS' ORIGINAL ASBESTOS PETITION AND ANSWER TO ALL CROSS ACTIONS</u> - Page 7

CBMPDF - www.fanda.com

and *19* of the **Texas Constitution**; and (b) equal protection of the laws under the *Fourteenth Amendment* to the **United States Constitution** and under *Article I, Section 3* of the **Texas Constitution**.

WHEREFORE, Defendant **MINNESOTA MINING AND MANUFACTURING COMPANY** prays that upon the trial hereof, Plaintiffs recover nothing and for such other and further relief to which it may show itself justly entitled.

## ANSWER TO CROSS ACTIONS

3M generally denies any and all Cross Actions heretofore or heretoafter made against it by other parties in this case.

WHEREFORE, PREMISES CONSIDERED, 3M requests that upon trial hereof, Plaintiffs recover nothing from 3M; that 3M have judgment for contribution as heretofore plead and according to law; for a determination of the liability of persons who are not Defendants for any negligence, breach of warranty, or breach of regulatory duty on their part which injured or damaged Plaintiffs, with a pro rata reduction of any liability 3M might have; that 3M recover its costs of suit for sanctions; and for such other legal and/or equitable relief to which 3M shows itself justly entitled.

Doc ID FAUB-526112 1
5800-0016

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Eduardo Roberto Rodriguez *by Cait Faub*
Eduardo Roberto Rodriguez
State Bar No. 17144000
Marjory C. Batsell
State Bar No. 04631400
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78520
Telephone: (956) 542-7441
Telefax: (956) 541-2170

**EDUARDO ROBERTO RODRIGUEZ IS THE
ATTORNEY OF RECORD FOR
DEFENDANT MINNESOTA MINING AND
MANUFACTURING COMPANY**

David M. Taylor
State Bar No. 19687900
Catherine K. Faubion
State Bar No. 06852450
THOMPSON, COE, COUSINS & IRONS, L.L.P.
200 Crescent Court, 11th Floor
Dallas, Texas 75201-1853
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing Defendant Minnesota Mining and Manufacturing Company's Original Answer to Plaintiffs' Original Petition and Answer to All Cross Actions has this day been mailed by certified mail, return receipt requested, to Jeffrey B. Simon, The Simon Law Firm, P.C., 5630 Yale Blvd., Dallas, Texas 75206, attorneys of record for Plaintiffs, on July 19, 2000, and to all other known counsel of record by regular mail.

Catherine K. Faubion

MINNESOTA MINING AND MANUFACTURING COMPANY'S ORIGINAL ANSWER TO
PLAINTIFFS' ORIGINAL ASBESTOS PETITION AND ANSWER TO ALL CROSS ACTIONS - Page 9

Doc ID FAUB-526112 1
5800-0016

IN RE:  ASBESTOS LITIGATION     §          IN THE DISTRICT COURTS OF
                                §
                                §
                                §          CAMERON COUNTY, TEXAS

## STANDING ORDER #1

Having considered the type and number of asbestos cases pending in Cameron County and after having heard the argument of counsel and reviewing the motions and briefs of the parties, the Court finds that good cause exists for the entry of this Order.

This Order is intended to facilitate the administration of asbestos cases in Cameron County.  This Order shall apply to all cases pending in the District Courts of Cameron County in which a claim for money damages is made for any injury, illness, malignancy, fear of malignancy, mental anguish, loss of consortium, survival benefits, wrongful death or other damages claimed as a result of exposure to products containing asbestos.

## SPECIFIC ORDERS

1.  The District Clerk of Cameron County shall maintain a file entitled "In Re: Asbestos Litigation" which file may be referred to as the "Master Asbestos File".  A motion or other instrument filed in the Master Asbestos File is deemed filed in

CAMERON.ORD

CitaPDF - www.texito.com

-2-

each and every asbestos case in which the filing party has made an appearance and to which it may be applicable, and is incorporated by reference into such case and file for all purposes. Case specific motions shall be filed in the applicable case file and should not be filed in the Master Asbestos File.

2. Motions concerning common issues filed in the Master Asbestos File shall be served upon opposing counsel seven (7) or more days in advance of the requested hearing date, unless a longer notice period is mandated by the Texas Rules of Civil Procedure. The Court may entertain emergency motions and hearings otherwise.

3. The Clerk shall maintain a master service list of all counsel representing parties in any asbestos case filed in Cameron County. Counsel for each party shall be listed once and any party required to serve any notice in an asbestos case governed by this Order shall serve one copy of the document to be served on counsel for each party as appearing on the master service list attached hereto as Exhibit "A" as appropriate. Said master service list shall be updated periodically and circulated by the Court as the need arises.

*CAMERON.ORD*

-3-

4. Service of any and all motions shall be upon all counsel as appropriate under the Texas Rules of Civil Procedure on the master service list. It is the responsibility of counsel to ensure correct listing on the master service list.

5. After appearance date of each asbestos case, all counsel for defendants in that particular case shall confer and designate a Liaison Defense Counsel. Such counsel shall be responsible to act as a coordinator for the scheduling of certain discovery matters. Liaison Defense Counsel chosen for each case shall file a notice of such designation in the particular case and advise Plaintiffs' counsel of same. The responsibilities of Liaison Defense Counsel will be limited to the scheduling and orderly administration of Plaintiff ~~and coworker~~ depositions, Independent Medical Examinations, medical records review, and/or pathology material review in those cases assigned to that particular liaison counsel. This order is not to be construed as to enable Liaison Defense Counsel to appear for parties other than the specific client(s) of the liaison counsel with regard to any matter.

**CAMERON.ORD**

-4-

6. Plaintiffs in each case filed in Cameron County prior to the date this Order is signed shall serve answers and\or objections to the master sets of discovery which are attached hereto as Exhibit "B" within ninety (90) days of the date of this Order, if not previously served. Copies of the answers and\or objections shall be served upon each party. If Plaintiffs have previously answered these interrogatories and requests for production, they need only supplement their answers pursuant to paragraph 20 of this Order and the Texas Rules of Civil Procedure.

7. For all cases filed on or after the date this Order is signed, each Plaintiff shall provide their answers and\or objections to the master discovery interrogatories and requests for production within ninety (90) days of the date of filing of Plaintiff's Original Petition.

8. Simultaneously with the filing and service of answers to master discovery, Plaintiffs will provide the Defendants with signed authorizations to enable Defendants to obtain medical records, VA records, income tax records, social security records, military records and personnel records.

CAMERON.ORD

-5-

9.   Each Defendant shall serve answers and\or objections to the Master Set of Discovery to Defendants attached hereto as Exhibit "C",·within ninety (90) days of the date of this Order or within 90 days of the date of a defendant's Appearance Day for cases filed on or after the date of this Order, whichever is later, if not previously served.  Copies of the answers and/or objections shall be served upon each party.

10.   Nothing in this Order shall preclude any party from pursuing additional written discovery which is not duplicative of a master discovery request.  The additional non-duplicative written discovery will be as provided by the Texas Rules of Civil Procedure. Prior to serving additional written discovery, counsel for the party propounding the discovery shall confer with counsel for the party responding to the discovery regarding the nature and extent of the additional written discovery.  All additional written discovery shall contain a certificate by the party filing same that such conference has been held.

11.   Plaintiffs' in each case filed in Cameron County shall designate all "product identification witnesses" whom they

CAMERON.ORD

-6-

intend to testify at the trial of their case as soon as practicable
but no later than ~~sixty (60)~~ *seventy (75)* days before the date of trial.   Such
designation shall include the name of the witness and current
address of the witness as well as the accompanying product
information relating to that witness.   Plaintiffs shall provide
identification of worksites and the product information; i.e. work
history sheets, ninety (90) days after filing their petition

     12.   Unless the Plaintiff through his or her counsel
produces a letter from his or her treating physician which states
that Plaintiff may not travel due to a medical condition,
Plaintiff's discovery or trial deposition shall be noticed to take
place in Cameron County, Texas or at such other location as can be
agreed to by Plaintiff's Counsel and Liaison Defense Counsel unless
such agreed location is objected to in writing by any party at
least three days prior to the date for which the deposition is
noticed.   Any physician letter produced to show that Plaintiff may
not travel due to a medical condition must actually specify the
medical condition or illness precluding travel by the Plaintiff.
Plaintiffs, excluding those alleging diagnoses of mesothelioma, who

**CAMERON.ORD**

-7-

are "too sick to travel" for purposes of a deposition and/or defense medical examination shall not personally appear at the trial of their cause unless defendants are given a reasonable opportunity to conduct an Independent Medical Examination in Texas at least thirty (30) days prior to trial. The defendants reserve the right to request a physical examination, pursuant to Rule 167a of the Texas Rules of Civil Procedure, of plaintiffs alleging a diagnosis of mesothelioma which alleged condition precluded that plaintiff's ability to travel to Texas for his/her deposition or Independent Medical Examination. Plaintiffs reserve the right to object to the request described in the preceding sentence.

13. Defendants are, as a group, entitled to arrange for a medical examination of the Plaintiff, if living, to be conducted by a physician of their choice and at defendants' expense. The request for medical examination should be coordinated by Liaison Defense Counsel, and should be coordinated with each Plaintiff's deposition, if possible. The defendants reserve the right to request additional medical examinations of the plaintiffs at the defendants' expense where justified by the circumstances of a

**CAMERON.ORD**

-8-

particular case.   Plaintiffs reserve the right to object to the request described in the preceding sentence.   Defendants shall reimburse each plaintiff examined for his/her actual travel expenses (of a reasonable nature) not to exceed Two Hundred and Fifty Dollars ($250.00) if the medical examination takes place outside of Cameron County and more than one hundred (100) miles from the plaintiff's home.

14.   The Defendants are ordered to cause a report of the medical examination described in the preceding paragraph to be reduced to writing and served upon Plaintiffs' counsel as soon as practicable after the examination but no later than thirty (30) days prior to trial unless otherwise agreed by counsel for Plaintiffs and Liaison Defense Counsel.   If said examination takes place within forty five (45) days prior to trial, then Defendants have up to fifteen (15) days prior to trial to provide the written report of the examination.

15.   Parties may amend their pleadings up to thirty (30) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.   Opposing parties may respond to

CAMERON.ORD

-9-

amended pleadings up to fifteen (15) days prior to the scheduled trial date and thereafter only upon leave obtained from the Court.

16. Each Defendant with an answer on file is deemed to be asserting a cross-action for contribution and indemnity against each of the other defendants and\or settling persons for any claims they may assert in such action. Cross-actions against Defendants who have been dismissed or non-suited by Plaintiffs will be dismissed thirty (30) days after the dismissal order is signed, unless objection to the dismissal is made in writing. This dismissal will be effective automatically by virtue of this Order without the necessity of any written motion or written order by the Court.

17. Plaintiffs must serve their witness and exhibit lists on or before sixty (60) days prior to trial. Defendants must serve their witness and exhibit lists on or before thirty (30) days prior to trial. Failure to timely serve a list of exhibits or witnesses will result in inadmissibility of exhibits and\or witnesses' testimony unless the party can show good cause for failure. Upon request, a party must produce for copying or

CAMERON ORD

-10-

otherwise make available for inspection any exhibit.

18. The parties shall endeavor to reduce paperwork whenever possible. To this end, the parties are to come to an agreement to implement form pleadings, particularly petitions, to avoid needless redundancy and waste.

19. Medical records from examining and/or treating physicians, hospitals, clinics or other health-care providers except those records generated and/or obtained from experts for the purposes of litigation, are determined by the Court to be authentic under the Texas Rules of Civil Evidence, unless specific objection is made thereto at least ten (10) days prior to trial. These records are not to be filed with the Court. This Order deems medical records authentic and should not be construed to otherwise affect the admissibility of said records. Objections regarding medical records other than authenticity are still subject to the ruling of the Court pursuant to the Texas Rules of Civil Procedure and the Texas Rules of Civil Evidence.

20. Plaintiffs agree to provide Defense Counsel with all relevant pathology, chest images and supplemental and/or amended

CAMERON.ORD

-11-

Master Discovery Responses/Discovery Responses as soon as practicable but no later than ninety (90) days prior to trial. In return, Liaison Defense Counsel will provide counsel for Plaintiffs with a copy of defense medical testifying expert reports as soon as practicable but no later than thirty (30) days prior to trial. Should any chest images, pathology, or supplemental and\or amended discovery responses be tendered by plaintiffs sixty (60) to ninety (90) days prior to the trial of any case then defendants will have until fifteen (15) days prior to trial in order to tender defense medical testifying expert reports and supplemental and\or amended discovery responses to Plaintiff's counsel. Should any chest images, pathology or supplemental and\or amended discovery responses be tendered by Plaintiffs less than sixty (60) days prior to trial, then any evidence or information, including but not limited to additional witnesses, expert medical reports and\or exhibits, contained within those materials will not be utilized by Plaintiffs upon the trial of the subject case. Defendants hereby specifically retain the right to file motions for continuance\motions to compel based on a failure to tender or late

CAMERON ORD

-12-

tender of materials by Plaintiffs.

21. The Court reserves the right to supplement or modify this Order upon reasonable notice. *Counsel may prepare additional paragraphs to the Court for inclusion in the Standing Order after notice + hearing*

22. To the extent that matters are not addressed and/or covered by this Standing Order, the Texas Rules of Civil Procedure, the Texas Rules of Civil Evidence and local rules of court shall govern.

**SIGNED** this the _31_ day of _August_, 1995.

---
Judge, 103rd District Court

---
Judge, 197th District Court

---
Judge, 107th District Court

---
Judge, 357th District Court

---
Judge, 138th District Court

COPIES TO: 9/7/95
ALL KNOWN CONSEL OF RECORD

AUG 3 1 1995

**CAMERON.ORD**

-13-

<u>AGREED AS TO FORM:</u>

BARON & BUDD, P.C.

By: _____
     Russell W. Budd
     State Bar No. 03312400
     Angelyn Schmid
     State Bar No. 17764960
     3102 Oak Lawn Avenue
     Suite 1100
     Dallas, Texas 75219
     (214) 521-3605
     (214) 520-1181 (Fax)

ATTORNEYS FOR PLAINTIFFS

BEAN & MANNING, L.L.P.

By: _____
     William J. Cozort, Jr.
     State Bar No. 04967550
     5847 San Felipe Road
     Suite 1500
     Houston, Texas   77057
     (713) 783-7070
     (713) 974-8173 (Fax)

ATTORNEYS FOR OWENS-CORNING FIBERGLAS
CORPORATION, DEFENDANT

**CAMERON.ORD**

-14-

BOWERS, ORR & ROBERTSON

By: _____
        Thomas Dougall
        State Bar No. 00785457
        1401 Main Street
        Suite 1100
        Columbia, South Carolina 29201
        (803) 252-0494
        (803) 252-1068 (Fax)

ATTORNEYS FOR PROKO
INDUSTRIES, INC.


BROWN, MCCARROLL, OAKS & HARTLINE

By: _____
        T. John Ward
        State Bar No. 20848000
        Melissa K. Ferrell
        State Bar No.
        1300 Wortham Tower
        2727 Allen Parkway
        Houston, Texas   77019-2100
        (713) 529-3110
        (713) 525-6295 (Fax)

ATTORNEYS FOR GARLOCK, INC.
AND THE ANCHOR PACKING COMPANY



**CAMERON ORD**

-15-


ORGAIN, BELL & TUCKER, L.L.P.


By: _____
     Michael J. Truncale
     State Bar No. 20258125
     470 Orleans Street
     Beaumont, Texas 77701
     (409) 838-6412
     (409) 838-6959 (Fax)

ATTORNEYS FOR KELLY-MOORE
PAINT COMPANY


CAMERON.ORD

# EXHIBIT "A"

CibPDF - www.fastio.com

**ALLIED-SIGNAL/BENDIX CORPORATION**
Dawn Wright
State Bar No. 12742030
Thompson & Knight
3300 First City Center
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
969-1700
FAX NO. 969-1466

**ANCHOR PACKING COMPANY**
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-6295

**ASTEN GROUP, INC.**
Robert B. Summers
State Bar No. 19507700
Thornton, Summers, Biechlin,
   Dunham & Brown, L.C.
1114 Lost Creek Blvd., Suite 215
Austin, Texas 78746
(512) 329-6666
FAX (512) 327-4694

**BORG-WARNER CORPORATION**
Elizabeth Phifer
State Bar No. 15908550
McCue & Lee, P.C.
Three Lincoln Centre
Suite 1050, LB 11
5430 LBJ Freeway
Dallas, Texas 75240
490-0808
FAX NO. 490-9545

**CENTER FOR CLAIMS RESOLUTION**
**RILEY STOKER CORPORATION**
**H.B. FULLER**
**RHONE POULENC AG**
**GEORGIA-PACIFIC CORPORATION**
David Crowe (CCR)
State Bar No. 00516425
Gary Elliston (RS/HBF/RP/)
State Bar No. 00658470
Mel Bailey (GP)
State Bar No. 01532100
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

**CCR DEFENDANTS INCLUDE:**
Amchem
A.P. Green Refractories
Armstrong World Industries
CertainTeed Corporation
C.E. Thurston & Sons, Inc.
Dana Corporation
Fleetwide Gasket Co., Inc.
GAF Corporation
I.U. North America, Inc. (formerly Unijax)
Maremont Corporation
National Gypsum Company
   (also known as The Asbestos
   Claims Management Corp.
   and the NGC Asbestos Disease
   and Property Damage Settlement Trust)
National Service, Ind., Inc.
   (formerly North Brothers)
NOSROC Corporation
Ferodo America, Inc.
   (formerly Nuturn Corporation)
Pfizer, Inc.
Quigley Company, Inc.
Shook & Fletcher Insulation
T & N, plc
   (formerly Turner & Newall Inc.)
Union Carbide Corporation
United States Gypsum Company

**CROWN CORK & SEAL COMPANY, INC.**
Frank G. Harmon, III
State Bar No. 09020500
Crain, Caton & James
3300 Two Houston Center
Houston, Texas 77010
(713) 658-2323
FAX (713)658-1921

**FLINTKOTE**
James M. Harris, Jr.
Bar No. 09065800
Holmes & Harris
P.O. Box 830
550 Fannin Street
Beaumont, Texas 77704
(409) 832-8382
FAX NO. (409) 833-4240

**FOSTER WHEELER ENERGY CORPORATION**
James M. Riley, Jr.
State Bar No. 16931800
Coats, Rose, Yale,
   Holm, Ryman & Lee
800 First City Tower
1001 Fannin
Houston, Texas 77002-6707
(713) 651-0111
FAX (713 651-0220

at@Attorneys/Resources   Page 1

EXHIBIT
A

GARLOCK INC
T. John Ward
Brown, McCarroll, Oaks & Hartline
1300 Wortham Tower
2727 Allen Parkway
Houston, Texas 77019-2100
(713) 529-3110
FAX: (713) 525-6295

GENERAL REFRACTORIES COMPANY
Neil Rambin
State Bar No. 16492800
Strasburger & Price
4300 NCNB Plaza
44th Floor
901 Main Street
Dallas, Texas 75202
651-4300
FAX NO. 651-4330

GEORGIA PACIFIC CORPORATION
Mel Bailey
State Bar No. 01532100
Dehay & Elliston, L.L.P.
717 North Harwood, Suite 1500
Dallas, Texas 75201
(214) 953-5454
FAX (214) 953-5455

HARBISON-WALKER REFRACTORIES
INDRESCO, INC.
Mark A. Hendrix.
State Bar No. 09460500
Vial, Hamilton, Koch & Knox
1717 Main Street, Ste. 4400
Dallas, TX 75201
712-4400
FAX NO. 712-4402

KAISER ALUMINUM & CHEMICAL
Craig S. Wolcott
State Bar No. 21845475
400 Two Allen Center
1200 Smith Street
Houston, Texas 77002
(713) 654-1111
FAX (713) 655-9212

KELLY-MOORE PAINT COMPANY
Michael J. Truncale
Orgain, Bell & Tucker, L.L.P.
470 Orleans Street
Beaumont, TX 77701
(409) 838-6412
FAX NO. (409) 838-6959

METROPOL....J LIFE INSURANCE
John L. Hill, Jr.
State Bar No. 00000027
Liddell, Sapp, Zivley,
  Hill & LaBoon, L.L.P.
3300 Texas Commerce Tower
Houston, Texas 77002
(713) 226-1200
FAX (713) 223-3717

M. H. DETRICK
Ned Johnson
State Bar No. 10712000
Richard Ferguson
State Bar No. 06919700
Johnson & Associates
4900 Woodway, Suite 1100
Houston, Texas 77056
(713) 961-3730
FAX NO. (713) 961-6438

"3 M"
Anthony E. Pletcher
State Bar No. 16069800
White,Huseman,Pletcher & Powers
600 Leopard Street, Suite 2100
Corpus Christi, Texas 78403-2707
(512) 883-3563
FAX (512) 883-0210

NORTH AMERICAN REFRACTORIES
James Powers
State Bar No. 16217400
Roberts, Markel, Folger & Powers
24 Greenway Plaza
Suite 2020
Houston, Texas 77046
(713) 961-2800
FAX NO. (713) 961-5090

OWENS CORNING FIBERGLAS
William Cozort
Bean & Manning, L.L.P.
5847 San Felipe
Suite 1500
Houston, Texas 77057
(713) 783-7070
FAX (713) 783-7157

OWENS-ILLINOIS, INC.
Peter Moir
State Bar No. 142545
800 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201
(214) 953-6500
FAX (214) 953-6503

PITTSBURGH CORNING CORPORATION
R. Lyn Stevens
State Bar No. 19189020
Weller, Wheelus, Green
550 Fannin Street
5th Floor, Petroleum Tower
Beaumont, Texas 77701
(409) 838-0101
FAX (409) 838-6780

PROKO INDUSTRIES, INC.
Thomas Dougall
Bowers, Orr & Robertson
1401 Main Street, Suite 1100
Columbia, South Carolina 29201
(803) 252-0494
FAX (803) 252-1068

RILEY STOKER CORPORATION
Gary Elliston
State Bar No. 06584700
DeHay & Elliston
1500 Maxus Energy Tower
717 North Harwood Street
Suite 1500
Dallas, Texas 75201-6508
953-5454
FAX NO. 953-5455

ROCK WOOL MANUFACTURING
Richard N. Evans
State Bar No. 06726000
Evans & Evans
2528 Calder Avenue
Beaumont, TX 77702
(409) 838-0522
FAX (409) 838-0525

SYNKOLOID
Kathryn Hermes
State Bar No. 15156500
Patterson, Lamberty, Stanford,
  Walls, Dwyer, Inc.
2011 Cedar Springs at Harwood
Suite 100
P. O. Box 1078
Dallas, Texas 75221-9990
(214) 871-2200
FAX (214) 871-0521

UNITED STATES MINERAL PRODUCTS
Brian S. Clary
State Bar No. 04325100
55 Waugh Drive, Suite 1200
Houston, TX 77707
(713) 861-9595
FAX (713) 861-7679

UNIROYAL HOLDING, INC.
Richard L. Forman
Forman, Perry, Watkins & Krutz
Suite 1200, One Jackson Place
188 E. Capitol Street
Jackson, MS 39325-2608
(601) 960-8600
FAX NO. (601) 960-8613

W. R. GRACE & CO. - CONN.
Patricia Kelly
State Bar No. 01378500
Adams & Graham, L.L.P.
222 E. Van Buren, West Tower
Harlingen, TX 78550
(210) 428-7495
FAX (210) 428-2954

CutePDF - www.tevio.com