31

United States District Court
Southern District of Texas
ENTERED

FEB 22 2002

Michael N. Milby, Clerk of Court
by Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **In Re:** | § | **Case No. 01-10578** |
| | § | **Chapter 11** |
| **Federal-Mogul Global, Inc.,** | § | **(Pending in the United States Bankruptcy** |
| Debtor. | § | **Court for the District of Delaware)** |
| **Valentin Ramirez, et al.,** | § | |
| **Adan Garza, et al.,** | § | |
| **Archie Kowalik, et al.,** | § | |
| **Debra Kulaw, et al.,** | § | |
| Plaintiffs, | § | |
| | § | C.A. B-01-178 |
| | § | C.A. B-01-179 |
| v. | § | C.A. B-01-180 |
| | § | C.A. B-01-181 |
| **Able Supply Co., et al.,** | § | |
| | § | |
| Defendants. | § | |

**ORDER**

BE IT REMEMBERED that on February 22, 2002, the Court considered the Plaintiffs' Motions to Sever Claims Against Bankrupt Defendants [C.A. No. B-01-178, Dkt. No. 8; C.A. No. B-01-179, Dkt. No. 8; C.A. No. B-01-180, Dkt. No. 8; C.A. No. B-01-181, Dkt. No. 10], responses and replies, Plaintiffs' Motions to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand [C.A. No. B-01-178, Dkt. No. 7; C.A. No. B-01-179, Dkt. No. 7; C.A. No. B-01-180, Dkt. No. 7; C.A. No. B-01-181, Dkt. No. 5], responses, and replies, and Defendant Garlock, Inc.'s Motions to Transfer Venue [C.A. No. B-01-178, Dkt. No. 2; C.A. No. B-01-179, Dkt. No. 2; C.A. No. B-01-180, Dkt. No. 2; C.A. No. B-01-181, Dkt. No. 2], responses, and replies. The Court **GRANTS** the Motions to Sever Claims Against the Bankrupt Defendants, **GRANTS** the Motions to Transfer Venue as to the claims against the bankrupt Defendants, and **GRANTS** the Motions to Remand for Lack of Subject Matter Jurisdiction as to the remaining state law claims. Accordingly, the

1

claims against the bankrupt Defendants are **SEVERED** and **TRANSFERRED** to the United States Bankruptcy Court in Delaware for a determination of venue pursuant to 28 U.S.C. § 157(b)(5). The remaining state law claims are **REMANDED**, pursuant to 28 U.S.C. § 1447(c) and/or § 1452(b), to the Judicial District Courts of Cameron County from which they were removed.[1]

Procedural and Fact Summary

Plaintiffs originally brought their cases in the Judicial District Courts of Cameron County, Texas, alleging personal injuries arising from exposure to asbestos. In October 2001, Defendant Garlock, Inc. ("Garlock") removed the four pending personal injury cases to this Court from three Judicial District Courts in Cameron County, Texas (See fn. 1). Defendant Federal Global-Mogul ("Debtor") filed for bankruptcy within ninety days of Garlock's filing of the notice of removal to this Court. Garlock removed the cases based on alleged "related to" jurisdiction. See 28 U.S.C. § 1334(b) (a claim is "related to" a Title 11 case if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy); Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995); In re Bass, 171 F.3d 1016 (5th Cir. 1999).

Summary of Related Proceedings

The cases before the Court are but four of over eighty substantially identical cases removed by Garlock on Friday, October 19, 2001 in the Federal District Courts of Texas [C.A. B-01-178, Dkt. No. 7; C.A. B-01-179, Dkt. No. 7; C.A. B-01-180, Dkt. No. 7; C.A. B-01-181, Dkt. No. 5]. After several district courts ruled on motions which were almost identical to those before the Court today, the Fifth Circuit examined "37 nearly identical motions by the appellant Garlock, Inc. ("Garlock")". Arnold v. Garlock, 2001 WL

---

[1] C.A. No. B-01-178 was removed from the 357th Judicial District Court, Cameron County Texas. C.A. No. B-01-179 was removed from the 107th Judicial District Court, Cameron County Texas. C.A. No. B-01-180 and C.A. No. B-01-181 were removed from the 404th Judicial District Court, Cameron County Texas.

1669714 (5th Cir. December 28, 2001).[2]

For guidance the Court looks to the cases before the United States District Court for the Southern District of Texas, Corpus Christi Division,[3] involving, like the cases in all the federal districts, substantially identical claims, defendants and motions to the ones before the Court today. The Fifth Circuit noted that at least two other federal district courts in Texas had cited and followed the Corpus Christi court's opinions, and one court characterized them as "unassailable." Arnold, 2001 WL 1669714 at *2.

Jurisdiction

Title 28 of the United States Code, Section 1452(a) provides that a party may remove a cause of action to the district court where the civil action is pending when the district court has jurisdiction over the claim under § 1334. That statute provides that "the district court shall have original and exclusive jurisdiction of all cases under Title 11." 28 U.S.C. § 1334(b). Garlock states that the Court has removal jurisdiction because the claim is "related to" the Title 11 case within the meaning of the statute.

Under Texas law, "each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission." Tex. Civ. Prac. & Rem. Code Ann. § 33.016(b). In Kennamer, et al. v. Able Supply Co., et al., C.A. No. C-01-477 (November 9, 2001) (S.D. Tx., Corpus Christi Division), the court noted that the only claim Garlock could have against the Debtor which could be "related to" the Debtor's bankruptcy is an action for contribution and indemnity. The court found that, even assuming arguendo that:

---

[2] The issue before the Fifth Circuit was whether to stay the proceedings of various district courts throughout the four federal districts in Texas pending Garlock's intended appeal. Id. While the Court notes that the issue of a stay pending appeal is not before it, the Arnold court provided valuable guidance for the Texas federal district courts with identical claims before them.

[3] Because the orders are substantially identical, for simplicity's sake, the Court will cite to only one of the cases before the Corpus Christi court, Kennamer, et al. v. Able Supply Co., et al., C.A. No. C-01-477 (November 9, 2001).

3

> Garlock's claim for contribution is still viable after Plaintiff's dismissal with prejudice of the Debtor, the court finds removal proper based on § 1452 (a) and § 1334, at least for those claims brought against the Debtor. In the end, it is clear that 'related to' jurisdiction is treated very broadly . . . by the Fifth Circuit. As such, the Court finds that contribution claims are arguably 'related to' the bankruptcy, as they could conceivably have an effect on the estate being administered in bankruptcy.

Id., C.A. No. C-01-477 at 8 (citations omitted).

This Court agrees, and finds that the contribution claims are arguably "related to" the bankruptcy, and as such finds removal proper.

### Severance

The Court notes that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. The Court's discretion to sever claims is broad. United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983). Following the Kennamer decision, the Court finds that because Plaintiffs no longer have claims against the Debtor in this case and because Plaintiffs' state court personal injury actions have already proceeded so far in the state court system, severance of all claims appears warranted. See Id. C.A. No. C-01-477. Here, Plaintiffs also have no claims against the Debtor, and these cases were pending for over three years in the state courts prior to removal. [see C.A. B-01-178, Dkt. No. 1 Ex. 4; C.A. B-01-179, Dkt. No. 1 Ex. 4; C.A. B-01-180, Dkt. No. 1 Ex. 4; C.A. B-01-181, Dkt. No. 1 Ex. 4]. Accordingly, the Court **SEVERS** all claims against the Debtor, including claims by Garlock and any other Defendants who may have claims against the Debtor.

### Transfer

Garlock has moved for transfer of the action, pursuant to 28 U.S.C. § 157(b), to the bankruptcy court for venue determination by that court. The statute provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy is pending. 28 U.S.C. § 157(b).

The Court agrees with the conclusion reached in <u>Kennamer</u>:

> The Fifth Circuit has noted that (1) the language of § 157(b)(5) delineates venue between the bankruptcy courts and the district courts (non-core proceedings such as the personal injury tort and wrongful death claims shall not be adjudicated in bankruptcy court, but in the Article III district court); and (2) the district court in which the bankruptcy is pending shall have the power to order tried in its own venue personal injury tort and wrongful death claims filed elsewhere, or to order such cases tried in the district where the claims arose. <u>Kennamer</u>, C.A. No. C-01-477 at 11-12 quoting <u>Baumgart v. Fairchild Aircraft Corp.</u>, 981 F.2d 824, 833 (5th Cir. 1993).

Pursuant to the above-quoted statutes, the Court **TRANSFERS** the severed claims to the District Court in Delaware for a determination of venue.

<u>Remand</u>

After severance of claims against the Debtor, the remaining claims before the Court are state law personal injury claims [see C.A. B-01-178, Dkt. No. 1 Ex. 4; C.A. B-01-179, Dkt. No. 1 Ex. 4; C.A. B-01-180, Dkt. No. 1 Ex. 4; C.A. B-01-181, Dkt. No. 1 Ex. 4]. Under 28 U.S.C. § 1447(c), "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[4] The remaining claims are therefore **REMANDED** to the Judicial District Court, Cameron County, Texas from which they were removed.

Specifically:

The remaining state law claims of C.A. No. B-01-178 are **REMANDED** to the 357th Judicial District Court, Cameron County Texas.

The remaining state law claims of C.A. No. B-01-179 are **REMANDED** to the 107th Judicial District Court, Cameron County Texas.

The remaining state law claims of C.A. No. B-01-180 and C.A. No. B-01-181 are **REMANDED** to the 404th Judicial District Court, Cameron County Texas.

---

[4] The <u>Kennamer</u> court went on to hold that in any event, equitable remand under 28 U.S.C. § 1452(b) would be appropriate "even if the court were to determine that it still had 'related to' jurisdiction over the remaining claims by Plaintiff over the non-debtor defendants." C.A. No. C-01-477 at 13. The Court agrees.

5

Abstention

The <u>Arnold</u> court cited the <u>Kennamer</u> opinion with approval regarding the abstention issue, stating, "[w]e agree with the district judge in Corpus Christi. Any abstention issues remaining in these cases regarding claims now before the bankruptcy court in the District of Delaware may be decided by that District Court." 2001 WL 1669714 at *14; C.A. No. C-01-477 at 16. The Court will also defer to the District of Delaware to decide any abstention issues.

DONE this 22 day of February, 2002 at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge

6