32

United States District Court
Southern District of Texas
FILED

FEB 27 2002

Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 01-10578 |
| | § | Chapter 11 |
| FEDERAL-MOGUL GLOBAL, INC., | § | (Pending in the United States |
| | § | Bankruptcy Court for the |
| DEBTOR | § | District of Delaware) |
| Adan Garza, et al., | § | |
| PLAINTIFFS, | § | C.A. B-01-179 |
| | § | |
| VS. | § | |
| | § | |
| Able Supply Co, et al. | § | |
| DEFENDANTS, | § | |

## NOTICE OF APPEAL

Garlock Inc, a defendant in the above named case, appeals to the United States Court of Appeals for the Fifth Circuit from an order entered by the Honorable Hilda G. Tagle of the United States District Court for the Southern District of Texas, Brownsville Division on February 22, 2002, and attached hereto as Exhibit "1," severing and transferring all claims against Gasket Holding, Inc. (sued individually and as successor in interest to Flexitallic Gasket Co.), T&N PLC, f/k/a Turner & Newell PLC, T&N PLC (successor in interest to Keasbey & Mattison); Turner & Newell Industries, Inc., d/b/a United Gasket Corp., and Turner & Newell, Ltd., d/b/a United Fabricated (collectively, the "Debtor") be severed and transferred to the United States District Court for the District of Delaware pursuant to 28 U.S.C. § 157(b)(5) and denying Appellant's request that all other personal injury tort and wrongful death claims and causes of action asserted

Page 1

in the Civil Action be transferred to the Delaware Court so that that Court could determine where such claims would be tried but instead remanding all remaining claims and causes of action to the *Cause No. 2000-06-2404-A; Adan R. Garza, and Guadalupe Garza; Manuel C. Hernandez and Ninfa T. Hernandez vs Able Supply Company, et al., In the 107th Judicial District Court of Cameron County, Texas,* (herein the "Removed Case").

The following are the specific Debtor-Defendants named in the Supplement to Application and Notice of Removal:

Gasket Holdings Inc. (Individually and As Successor-In-Interest To Flexitallic Gasket Company).

The parties to the Order appealed from and the names and addresses of their respective attorneys are listed on Exhibit "2.

Respectfully submitted,

*(signature)*
Mitchell C. Chaney
SB# 04107500
Fed ID #1918
Eduardo Roberto Rodriguez
SB# 17144000
Fed. ID # 1944
Teri L. Danish
SB# 05375320
Fed. ID # 12862
*Rodriguez, Colvin & Chaney, LLP*
1201 East Van Buren
Brownsville, Texas 78522
Phone: (956) 542-7441; fax: (956) 541-2170
ATTORNEY IN CHARGE FOR GARLOCK INC

_____
Shelby A. Jordan
State Bar No. 11016700
Admissions No. 2195
Harlin C. Womble, Jr.
State Bar No. 21880300
Admissions No. 8959
Nathaniel Peter Holzer
State Bar No. 00793971
Admissions No. 21503
***Jordan, Hyden, Womble & Culbreth, P.C.***
500 N. Shoreline Dr., Suite 900
Corpus Christi, Texas 78471
Telephone: (361) 884-5678
Telecopier: (361) 884-5616

Of counsel:
*Pepper Hamilton LP*
Michael H. Reed
Anne Marie Schwab
3000 Two Logan Square
18th and Arch Streets
Philadelphia, PA 19103-2799
Telephone: (215) 981-4016
Telecopier: (215) 981-4750
ATTORNEYS FOR GARLOCK INC

# CERTIFICATE OF SERVICE

I, Mitchell C. Chaney, hereby certify that a true and correct copy of the Notice of Appeal was served by facsimile and U.S. mail on February <u>27th</u>, 2002 on Charles Siegel, counsel for Plaintiffs and by U.S. First Class Mail on counsel on Exhibit 2, the attached service list.

_____
Mitchell C. Chaney

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| In Re: | § | Case No. 01-10578 |
| | § | Chapter 11 |
| Federal-Mogul Global, Inc., | § | (Pending in the United States Bankruptcy |
| Debtor. | § | Court for the District of Delaware) |
| Valentin Ramirez, et al., | § | |
| Adan Garza, et al., | § | |
| Archie Kowalik, et al., | § | |
| Debra Kulaw, et al., | § | |
| Plaintiffs, | § | |
| | § | C.A. B-01-178 |
| | § | C.A. B-01-179 |
| v. | § | C.A. B-01-180 |
| | § | C.A. B-01-181 |
| Able Supply Co., et al., | § | |
| | § | |
| Defendants. | § | |

ORDER

BE IT REMEMBERED that on February 22, 2002, the Court considered the Plaintiffs' Motions to Sever Claims Against Bankrupt Defendants [C.A. No. B-01-178, Dkt. No. 8; C.A. No. B-01-179, Dkt. No. 8; C.A. No. B-01-180, Dkt. No. 8; C.A. No. B-01-181, Dkt. No. 10], responses and replies, Plaintiffs' Motions to Remand for Lack of Subject Matter Jurisdiction, for Mandatory Abstention, or for Discretionary Abstention or Equitable Remand [C.A. No. B-01-178, Dkt. No. 7; C.A. No. B-01-179, Dkt. No. 7; C.A. No. B-01-180, Dkt. No. 7; C.A. No. B-01-181, Dkt. No. 5], responses, and replies, and Defendant Garlock, Inc.'s Motions to Transfer Venue [C.A. No. B-01-178, Dkt. No. 2; C.A. No. B-01-179, Dkt. No. 2; C.A. No. B-01-180, Dkt. No. 2; C.A. No. B-01-181, Dkt. No. 2], responses, and replies. The Court **GRANTS** the Motions to Sever Claims Against the Bankrupt Defendants, **GRANTS** the Motions to Transfer Venue as to the claims against the bankrupt Defendants, and **GRANTS** the Motions to Remand for Lack of Subject Matter Jurisdiction as to the remaining state law claims. Accordingly, the

1



claims against the bankrupt Defendants are **SEVERED** and **TRANSFERRED** to the United States Bankruptcy Court in Delaware for a determination of venue pursuant to 28 U.S.C. § 157(b)(5). The remaining state law claims are **REMANDED**, pursuant to 28 U.S.C. § 1447(c) and/or § 1452(b), to the Judicial District Courts of Cameron County from which they were removed.[1]

Procedural and Fact Summary

Plaintiffs originally brought their cases in the Judicial District Courts of Cameron County, Texas, alleging personal injuries arising from exposure to asbestos. In October 2001, Defendant Garlock, Inc. ("Garlock") removed the four pending personal injury cases to this Court from three Judicial District Courts in Cameron County, Texas (See fn. 1). Defendant Federal Global-Mogul ("Debtor") filed for bankruptcy within ninety days of Garlock's filing of the notice of removal to this Court. Garlock removed the cases based on alleged "related to" jurisdiction. See 28 U.S.C. § 1334(b) (a claim is "related to" a Title 11 case if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy); Celotex Corp. v. Edwards, 514 U.S. 300, 308 n.6 (1995); In re Bass, 171 F.3d 1016 (5th Cir. 1999).

Summary of Related Proceedings

The cases before the Court are but four of over eighty substantially identical cases removed by Garlock on Friday, October 19, 2001 in the Federal District Courts of Texas [C.A. B-01-178, Dkt. No. 7; C.A. B-01-179, Dkt. No. 7; C.A. B-01-180, Dkt. No. 7; C.A. B-01-181, Dkt. No. 5]. After several district courts ruled on motions which were almost identical to those before the Court today, the Fifth Circuit examined "37 nearly identical motions by the appellant Garlock, Inc. ("Garlock")". Arnold v. Garlock, 2001 WL

---

[1] C.A. No. B-01-178 was removed from the 357th Judicial District Court, Cameron County Texas. C.A. No. B-01-179 was removed from the 107th Judicial District Court, Cameron County Texas. C.A. No. B-01-180 and C.A. No. B-01-181 were removed from the 404th Judicial District Court, Cameron County Texas.

1669714 (5th Cir. December 28, 2001).[2]

For guidance the Court looks to the cases before the United States District Court for the Southern District of Texas, Corpus Christi Division,[3] involving, like the cases in all the federal districts, substantially identical claims, defendants and motions to the ones before the Court today. The Fifth Circuit noted that at least two other federal district courts in Texas had cited and followed the Corpus Christi court's opinions, and one court characterized them as "unassailable." Arnold, 2001 WL 1669714 at *2.

Jurisdiction

Title 28 of the United States Code, Section 1452(a) provides that a party may remove a cause of action to the district court where the civil action is pending when the district court has jurisdiction over the claim under § 1334. That statute provides that "the district court shall have original and exclusive jurisdiction of all cases under Title 11." 28 U.S.C. § 1334(b). Garlock states that the Court has removal jurisdiction because the claim is "related to" the Title 11 case within the meaning of the statute.

Under Texas law, "each liable defendant is entitled to contribution from each person who is not a settling person and who is liable to the claimant for a percentage of responsibility but from whom the claimant seeks no relief at the time of submission." Tex. Civ. Prac. & Rem. Code Ann. § 33.016(b). In Kennamer, et al. v. Able Supply Co., et al., C.A. No. C-01-477 (November 9, 2001) (S.D. Tx., Corpus Christi Division), the court noted that the only claim Garlock could have against the Debtor which could be "related to" the Debtor's bankruptcy is an action for contribution and indemnity. The court found that, even assuming arguendo that:

---

[2] The issue before the Fifth Circuit was whether to stay the proceedings of various district courts throughout the four federal districts in Texas pending Garlock's intended appeal. Id. While the Court notes that the issue of a stay pending appeal is not before it, the Arnold court provided valuable guidance for the Texas federal district courts with identical claims before them.

[3] Because the orders are substantially identical, for simplicity's sake, the Court will cite to only one of the cases before the Corpus Christi court, Kennamer, et al. v. Able Supply Co., et al., C.A. No. C-01-477 (November 9, 2001).

3

> Garlock's claim for contribution is still viable after Plaintiff's dismissal with prejudice of the Debtor, the court finds removal proper based on § 1452 (a) and § 1334, at least for those claims brought against the Debtor. In the end, it is clear that 'related to' jurisdiction is treated very broadly ... by the Fifth Circuit. As such, the Court finds that contribution claims are arguably 'related to' the bankruptcy, as they could conceivably have an effect on the estate being administered in bankruptcy.

Id., C.A. No. C-01-477 at 8 (citations omitted).

This Court agrees, and finds that the contribution claims are arguably "related to" the bankruptcy, and as such finds removal proper.

### Severance

The Court notes that "[a]ny claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. The Court's discretion to sever claims is broad. United States v. O'Neil, 709 F.2d 361, 368 (5th Cir. 1983). Following the Kennamer decision, the Court finds that because Plaintiffs no longer have claims against the Debtor in this case and because Plaintiffs' state court personal injury actions have already proceeded so far in the state court system, severance of all claims appears warranted. See Id. C.A. No. C-01-477. Here, Plaintiffs also have no claims against the Debtor, and these cases were pending for over three years in the state courts prior to removal. [see C.A. B-01-178, Dkt. No. 1 Ex. 4; C.A. B-01-179, Dkt. No. 1 Ex. 4; C.A. B-01-180, Dkt. No. 1 Ex. 4; C.A. B-01-181, Dkt. No. 1 Ex. 4]. Accordingly, the Court **SEVERS** all claims against the Debtor, including claims by Garlock and any other Defendants who may have claims against the Debtor.

### Transfer

Garlock has moved for transfer of the action, pursuant to 28 U.S.C. § 157(b), to the bankruptcy court for venue determination by that court. The statute provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in which the claim arose, as determined by the district court in which the bankruptcy is pending. 28 U.S.C. § 157(b).

4

The Court agrees with the conclusion reached in Kennamer:

> The Fifth Circuit has noted that (1) the language of § 157(b)(5) delineates venue between the bankruptcy courts and the district courts (non-core proceedings such as the personal injury tort and wrongful death claims shall not be adjudicated in bankruptcy court, but in the Article III district court); and (2) the district court in which the bankruptcy is pending shall have the power to order tried in its own venue personal injury tort and wrongful death claims filed elsewhere, or to order such cases tried in the district where the claims arose. Kennamer, C.A. No. C-01-477 at 11-12 quoting Baumgart v. Fairchild Aircraft Corp., 981 F.2d 824, 833 (5th Cir. 1993).

Pursuant to the above-quoted statutes, the Court **TRANSFERS** the severed claims to the District Court in Delaware for a determination of venue.

Remand

After severance of claims against the Debtor, the remaining claims before the Court are state law personal injury claims [see C.A. B-01-178, Dkt. No. 1 Ex. 4; C.A. B-01-179, Dkt. No. 1 Ex. 4; C.A. B-01-180, Dkt. No. 1 Ex. 4; C.A. B-01-181, Dkt. No. 1 Ex. 4]. Under 28 U.S.C. § 1447(c), "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[4] The remaining claims are therefore **REMANDED** to the Judicial District Court, Cameron County, Texas from which they were removed.

Specifically:

The remaining state law claims of C.A. No. B-01-178 are **REMANDED** to the 357th Judicial District Court, Cameron County Texas.

The remaining state law claims of C.A. No. B-01-179 are **REMANDED** to the 107th Judicial District Court, Cameron County Texas.

The remaining state law claims of C.A. No. B-01-180 and C.A. No. B-01-181 are **REMANDED** to the 404th Judicial District Court, Cameron County Texas.

---

[4] The Kennamer court went on to hold that in any event, equitable remand under 28 U.S.C. § 1452(b) would be appropriate "even if the court were to determine that it still had 'related to' jurisdiction over the remaining claims by Plaintiff over the non-debtor defendants." C.A. No. C-01-477 at 13. The Court agrees.

## Abstention

The <u>Arnold</u> court cited the <u>Kennamer</u> opinion with approval regarding the abstention issue, stating, "[w]e agree with the district judge in Corpus Christi. Any abstention issues remaining in these cases regarding claims now before the bankruptcy court in the District of Delaware may be decided by that District Court." 2001 WL 1669714 at *14; C.A. No. C-01-477 at 16. The Court will also defer to the District of Delaware to decide any abstention issues.

DONE this 22 day of February, 2002 at Brownsville, Texas.

Hilda G. Tagle
United States District Judge

# Garza Service List

| Name | Client | Firm / Address | Phone | Fax |
|---|---|---|---|---|
| David Taylor / Catherine Faubion | 3M | Thompson, Coe, Cousins, & Irons L.L.P. 200 Crescent Court, 11th Floor Dallas, Texas 75201-1853 | 214-871-8209 | 214-871-8209 |
| Lisa Powell | Able | Jackson Walker, L.L.P. 1100 Louisiana, Suite 4200 Houston, Texas 77002 | 713-752-4200 | 713-752-4221 |
| Jerry Kacal / Kenneth Rhodes | AC&S | Dunn Kacal Adams Pappas Law 2929 Allen Parkway, Suite 2600 Houston, TX 77019-2151 | 713-752-4200 | 713-621-9065 |
| Douglas E. Chavez | AC&S | Chaves, Gonzales & Hoblit, L.L.P. 2000 Frost Bank Plaza 802 North Carancahua Street Corpus Christi, Texas 78470 | 361-888-9392 | 361-888-9187 |
| Ronald Walker | ALCOA | Walker Keeling & Carroll, L.L.P 210 East Constitution Street P.O. Box 108 Victoria, Texas 77902 | 713-228-6601 | 361-576-6196 |
| Kimberley A.S. Satz | AP Green | Cordray, Goodrich & Miltenberger, PLLC One Century Plaza, Suite 500 108 W. 8th Street Fort Worth, Texas 76102 | 817-820-0343 | 817-820-0373 |
| Clay White | Aqua Chem | Sammons & Parker, A Professional Corporation 218 North College Tyler, Texas 75702 |  | 903-595-3766 |
| Phillip Brown | B&R | Wilson, Elser, Moskowitz, Edelman & Dicker 5000 Renaissance Tower 1201 Elm Street Dallas, Texas 75270 | 214-698-8000 | 214-698-1101 |
| Joel H. Whitney | B&R/Dresser | Godwin White & Gruber 901 Main St. Suite 2500 Dallas, Texas 75202 | 214-939-4816 | 214-760-7332 |
| Frank Harmon | CC&S | Crain Caton & James 3300 Two Houston Center 909 Fannin, 33rd Floor Houston, Texas 77010 | 713-658-2323 | 713-752-8618 |
| Mary Lou Mauro | CE | Galloway, Johnson, Tompkins & Burr 3555 Timmons, Suite 1225 Houston, Texas 77027 | 713-599-0700 | 713-599-0777 |
| Daniel Spain | CE/HW | Spain & Hastings Two Houston Center 909 Fannin Street Houston, Texas 77010 | 713-650-9700 | 713-650-9701 |
| James H. Powers / Sharla Frost | Certainteed Dana | Powers & Frost 2600 Two Houston Center | 713-767-1555 | 713-767-1799 |

Page 1



EXHIBIT 2

| | | | | |
|---|---|---|---|---|
| | | Houston, Texas 77010 | | |
| Hubert A. Crouch | Federal Mogul | Crouch & Inabnett<br>2300 Fountain Place<br>1445 Ross Avenue<br>Dallas, Texas 75202 | 214- 922-7100 | 214-922-7101 |
| Jim Riley | FW | Coats, Rose, Yale, Ryman & Lee, PC<br>800 First City Tower<br>1001 Fannin<br>Houston, Texas 77002 | 713- 651-0111 | 713-651-0220 |
| Gary Elliston<br>Mel Bailey | Gasket Holding,<br>Kaiser, GP | Dehay & Elliston<br>NationsBank Plaza<br>901 Main Street, Suite 3500<br>Dallas, Texas 75202 | 214- 210-2400 | 214-210-2500 |
| Franklin Poff, Jr. | Grefco | Crisp, Jordan & Boyd, L.L.P.<br>2301 Moores Lane<br>P.O. Box 6297<br>Texarkana, Texas 75505-6297 | 903-838-6123 | 903-832-8489 |
| Benjamin White<br>William Farrell | Guardline | Dogan & Wilkinson<br>726 Delmas Avenue<br>P.O. Box 1618<br>Pascagoula, MS 39568 | 228- 762-2272 | 228-762-3223 |
| David Fisher<br>W. Miller Thomas | JT Thorpe | Fairchild, Price, Thomas, Haley &<br>Willingham<br>413 Shelbyville Street<br>Center, Texas 75935 | 936- 598-2981 | 936-598-7712 |
| Taylor M. Hicks | Kaiser | Hicks, Thomas & Lilienstern<br>700 Louisiana, Suite 1700<br>Houston, Texas 77002 | 713- 547-9100 | 713-547-9150 |
| Todd Wade | Kelly-Moore | Brown McCarroll & Oaks Hartline<br>2727 Allen Parkway, Ste. 1300<br>Houston, TX 77019 | 713-529-3110 | 512-479-1155 |
| John L. Hill<br>John Hall | Met Life | Locke, Liddell<br>600 Travis St., Suite 3400<br>Houston, Texas 77002-3095 | 713- 226-1200 | 713-223-3717 |
| D. Ferguson McNiel | Narco | Vinson & Elkins<br>2300 First City Tower<br>1001 Fannin<br>Houston, Texas 77002-6760 | 713-758-2222 | 713-615-5493 |
| Peter Moir | OI | Quilling, Selander, Cummiskey &<br>Lownds, P.C.<br>2001 Bryan Street, Suite 1800<br>Dallas, Texas 75201 | 214- 953-6500 | 214-953-6503 |
| Gail Jenkins<br>James Harris | Proko<br>Flintoke | Jenkins, Grove & Martin<br>2615 Calder Street, Suite 500<br>P.O. Box 26008<br>Beaumont, Texas 77720 | 409-832-4100 | 409-832-4242 |
| Timothy Hogan | Quigley | Beirne, Maynard & Parsons, L.L.P.<br>Wells Fargo Bank Tower 25th Floor<br>1300 Post Oak Boulevard<br>Houston, TX 77056-3000 | | 713-960-1527 |
| Tom Taylor | Rapid/Amoco | Greg Bevel<br>Andrews & Kurth, L.L.P.<br>600 Travis, Suite 4200<br>Houston, Texas 77019 | 713- 220-4200 | 713-220-4285 |

| Micheal Walzel | Triple X | Stevens, Baldo & Freeman<br>P.O. Box 4950<br>Beaumont, Texas 77704 | 409- 835-5200 | 409-838-5638 |
|---|---|---|---|---|
| Robert Bass<br>Kyle Steele<br>Laura Frase<br>William Arnold | Uniroyal Gasket<br>Ingersol-Rand<br>Uniroyal | Forman Perry Watkins Krutz & Tardy<br>400 Woodview Tower<br>1349 Empire Central<br>Dallas, Texas 75427 | 214-905-2924 | 214-905-3976 |